### MANSFIELD *et al. v.* THE STATE.

Where a criminal case, originating in the county court and resulting in a conviction, was carried by *certiorari* to the superior court and there dismissed, it was, within the meaning of the act of September 7, 1891, a "criminal case tried" in the latter court. Consequently, where the bill of exceptions assigning as error the dismissal of the *certiorari* was not tendered and certified within twenty days from the date of the decision complained of, the writ of error must be dismissed.

April 16, 1894.

Practice in Supreme Court.

W. M. HARRELL and RUSSELL & RUSSELL, by HARRISON & PEEPLES, for plaintiffs in error.

W. N. SPENCE, solicitor-general, DONALSON & HAWES and F. S. HARRELL, by brief, *contra*.

LUMPKIN, Justice.

Mansfield and others were jointly tried for assault and battery in the county court of Decatur county, and convicted. They took the case by *certiorari* to the supe-

rior court, and there on the trial the presiding judge, on motion, dismissed the *certiorari* because, in his opinion, the affidavit attached to the petition was insufficient in law.

In this court a motion to dismiss the writ of error was made and sustained, because the bill of exceptions assigning as error the dismissal of the *certiorari* was not tendered and certified within twenty days from the date of the decision complained of, as required by the act of September 7, 1891. This act provides that bills of exceptions in criminal cases shall, as to the time and manner of signing, filing, serving, transmitting and hearing, be governed in all respects, where applicable, by the laws of force at the time of its passage in reference to bills of exceptions in cases of injunction. In these latter cases, the bill of exceptions must be tendered and certified within twenty days.

The question is, was the case at bar a " criminal case tried " within the meaning of that act. We think it was. It was a case of some kind, and there is no class of cases to which it could possibly belong except criminal cases. It was a prosecution by the State against the accused for a criminal offence against the laws of the State. The fact that it originated in the county court, which has jurisdiction to try and finally dispose of misdemeanors, does not make it any the less a criminal case; and besides, the policy of the act in providing for the more speedy determination of criminal cases is fully as applicable to cases originating in the county court as in any other court of criminal jurisdiction.

*Writ of error dismissed.*