4023.  WEAVER *et al. v.* THOMPSON.

POTTLE, J.  1. Under the provisions of the Penal Code (1910), § 1316, judgments in "habeas corpus cases" can be reviewed in this court only upon a bill of exceptions sued out within twenty days from the date of the judgment complained of. This rule is applicable to all cases wherein the writ of habeas corpus is issued, and applies as well to a case involving the detention of a minor child, to the custody of which the applicant claims to be entitled, as it does to any other case where one is alleged to be restrained of his liberty without warrant or authority of law. The policy of the law is to require a speedy determination of all habeas corpus cases, and, under the statute, they are placed in the same class as criminal and injunction cases.

2. The writ of certiorari is simply the medium through which the judg-

ment in a case pending before an inferior judicatory may be reviewed in the superior court. Where the judgment of a judge of a city court, awarding the custody of a minor child, is carried to the superior court by certiorari, the case is still a "habeas corpus case" in the latter court, and the judgment of that court can be reviewed in this court only upon a "fast" bill of exceptions. The decision in *Mansfield* v. *State*, 94 *Ga.* 74 (20 S. E. 249), is in principle controlling.

3. The writ of error, not having been sued out within twenty days from the judgment complained of, must be                    *Dismissed.*

DECIDED MAY 7, 1912.

Habeas corpus—certiorari; from Dooly superior court—Judge Whipple. December 30, 1912.

*R. L. Greer, Jule Felton,* for plaintiffs in error.

*L. L. Woodward, Crum & Jones,* contra.