## SANDERS *vs.* MILLER.

1. Answer to garnishment (not in attachment only, but in all cases,) is in time if made on the first day of the second term of the superior court after service of the summons.
2. Argumentative, vague and desultory averments, presenting no direct issue on the truth of the answer, are insufficient as a traverse. They should be stricken on motion.
3. Excluding evidence which could not possibly change the result if admitted, is not cause for reversing the judgment.
4. If the plaintiff fails to support his traverse by enough evidence to make a *prima facie* case, the court may withdraw the issue from the jury, and pass an order sustaining the answer and discharging the garnishee. It is in the nature of a non-suit.

Garnishment. Evidence. New trial. Practice in the Superior Court. Before Judge BARTLETT. Greene Superior Court. September Adjourned Term, 1877.

Garnishment issued on a judgment in favor of Sanders

*vs.* Sanders, and was served on Miller on August 26, 1876. The next term of Greene superior court was held on September 11th, following, and was adjourned to November 20th. On March 12, 1877, at the succeeding term, the garnishee answered, denying indebtedness. This answer plaintiff traversed, setting forth that an indebtedness must have existed on account of the defendant's having been in the constant employment of the garnishee for a long time, both before and after the garnishment, that he was an able-bodied man, and that therefore it "was almost impossible to conclude or come to the belief" that such indebtedness did not exist.

This portion of the traverse was, on demurrer, ordered stricken.

The plaintiff further alleged that there was an indebtedness, and claimed a judgment against the garnishee because his answer was too late. Judgment was refused, and the remaining issue was submitted to a jury.

Miller, the garnishee, was the only witness sworn. He testified, in brief, as follows: Sanders, the defendant, has been living with him, upon his plantation or farm, for the last five or six years. Plaintiff's counsel then asked the age of Sanders, and whether he was not a strong, able-bodied man? On objection made, these questions were excluded.

The witness denied all indebtedness, etc.

The court, on motion, awarded a non-suit, and discharged the garnishee.

The plaintiff moved to set aside this order because the court refused to allow judgment notwithstanding the answer of the garnishee and the time when made; because the court sustained the demurrer to a portion of the traverse, as above indicated; because of the exclusion of the testimony of the garnishee as to age and ability to work of defendant; and because of error in the non-suit.

The motion was overruled, and the plaintiff excepted.

ANDREW J. SHANNON, by brief, for plaintiff in error.

35

H. T. & H. G. LEWIS, for defendant.

BLECKLEY, Judge.

1. The answer of the garnishee was made on the first day of the second term after service of the summons. Taking the provisions of the Code altogether, we think the answer was in time. It was clearly so, if the garnishment had issued on attachment. Code, §3304. There is no express requirement that the answer shall be earlier in other cases, at the hazard of immediate judgment. See §3536.

2. The traverse of the answer which the court ordered stricken on motion, was argumentative, vague, and desultory. It presented no direct issue on the truth of the answer. It rambled about, and was almost as vagrant as the wind. We cannot doubt but that it was properly stricken.

3. Let it be admitted that the evidence rejected was admissible, still, with it in, the result must have been the same as it was. A new trial to bring it before another jury would be idle.

4. The court did not err in withdrawing the issue from the jury, and in passing an order sustaining the answer and discharging the garnishee, the evidence being insufficient to make a *prima facie* case in opposition to the answer. Code, §3759. The action of the court was in the nature of a non suit.

Judgment affirmed.