### ARNOLD *vs.* GULLATT.

Since the act of 1880, the law applicable to judgments against garnishees in justices' courts is similar to that applicable to other courts. A final judgment against the defendant is a condition precedent to a judgment against the garnishee; and if before such final judgment is obtained the garnishee appear and answer, he will be in time to prevent a judgment against him by default. Code, §3304.

Garnishments. Justice Courts. Before Judge HILLYER. Fulton Superior Court. October Term, 1881.

. Reported in the decision.

FRANK A. ARNOLD, in *propria persona*, for plaintiff in error.

W. T. MOYERS, for defendant.

CRAWFORD, Justice.

F. A. Arnold, having a suit pending in a justice's court against James E. Gullatt, sued out a summons of garnishment against George R. Meneely & Co., and served them by serving A. B. Bostwick, superintendent. Both suits were returnable to the June term, 1881, of the court, at which time judgment was rendered against Gullatt for the amount of his debt, and against the garnishee by default for the same sum. The defendant appeared and entered an appeal. At the July term of the said justice's court, A. B. Bostwick appeared and filed his answer to the summons of garnishment, admitting indebtedness to Gullatt in the sum of $3.00, for his daily wages.

At this same term of the court Gullatt filed his affidavit setting up the same fact, and moved the court for that reason to dismiss the garnishment. Notice of this motion was served on Arnold, and both cases came on to be served at the August term next thereafter, when a jury returned a verdict for the plaintiff on the principal suit, and then the court gave judgment against the garnishees, upon the ground of the original default of the said garnishees in not answering at the first term of the said court.

The case was carried to the superior court by *certiorari*, and upon the hearing thereof the judge ordered that the judgment against the garnishees be set aside and a new trial had, and if the fund held by the garnishees be due defendant for wages, then the garnishees to be discharged, but if the same be not for wages then they are to be held liable.

The real question in this case is, whether the J. P., under the facts as set out in his answer, should at the August term of his court—that being the term at which final judgment was obtained against the principal defendant—have entered up a judgment against the garnishees, notwithstanding the answer of Bostwick, which had been filed at a preceding term of the court and stood untrav-

ersed before him.   A condition precedent, absolute and
universal, in my opinion, to a judgment against a garnishee
is a judgment final and conclusive against the principal
defendant.    When the plaintiff has thus established his
claim by such a judgment, then, and not before, has he
any right to ask for a judgment against the garnishee.

In this case there was a judgment against the principal
debtor, but it had been vacated and set aside by appeal,
and before final judgment on that suit the answer of
Bostwick was filed denying any indebtedness except for
the daily wages of the defendant.

But it is said that the original judgment by default
against the garnishees was absolutely final, although none
had been obtained against the principal; and this because
there was no answer by the garnishee at the first term of
the court.    To rule such doctrine, would be to hold that
one who is not a judgment creditor may nevertheless have
a judgment against a garnishee for an unestablished claim
against his simple contract debtor.

The cases cited by counsel for plaintiff in error in 55th
*Ga.*, 410, and 64 *Ib.*, 608, do not contravene this principle,
for in both cases this court only held that judgment might
be had at the term provided by law, whenever at such
term there was a judgment obtained against the principal
defendant.

Neither is this case within that in the 64th *Ga.*, 608 ;
because in that case the question was, whether the gar-
nishee should answer in ten days from the summons, or
at the first term.    The law requiring him to answer within
ten days had not then been changed by the act of De-
cember 6th, 1880, and this court held, as it was obliged to
hold, that the answer at the term after the lapse of ten
days was illegal, and as a final judgment had been ren-
dered against the principal debtor, judgment was properly
entered against the garnishee for default in not making
answer in ten days.    But the effect of the act of 1880,
*supra* is to restore the old law of answering at term, with

all its incidents, among which is the right to continue to the second term under the general law applicable to all garnishments in all courts. Code, §3304; acts 1855–6, section 15, page 29.

So the case in the 64th being out of the way, the case at bar falls within the general law, and the party garnished was in time with his answer, and, therefore, the court was right in sustaining the *certiorari* and granting a new trial.

Even if the reasoning in the 64th were applicable to this case, we do not think that it should be extended, now that the justice's courts are held like other courts at regular terms. It should cease with the law which made the trial of cases before justices of the peace come off when and where they pleased after certain notices. Besides, the real trouble in the case in the 64th was an informality in the summons, being a mere note at the bottom of the summons requiring answer in ten days, and it was held that the law fixed the time of answer, and not the summons. That being the case of a judgment creditor, and a case in a justice's court when there were no terms fixed by law for holding them, this case is not within it. Now, in justice's courts the same time for answer before final judgment against garnishees should be as in other courts.

It is true, that the act of 1880 is in the language of that of 1873, codified in section 4161, and if we gave it a literal construction, it would require the ruling in the 64th to be applied to this case, but we think that the act of 1880 was mainly to carry into effect the constitution of 1877, and to put back the justice's courts where they stood before the constitution of 1868 and the laws passed under it so far as respects answers in garnishments.

Judgment affirmed.