BOZEMAN vs. SINGER MANUFACTURING COMPANY.

|70 685
102 603|

1. Since the adoption of the constitution of 1877 and the passage of the act of 1879, it is the duty of justices of the peace to select some central and convenient place in their respective districts at which to hold their courts, and judgments rendered at other times and places are void.

(a.) In *Harbig vs. Freund & Co.*, decided at the last term, local laws were in operation until changed, and the judgment was rendered prior to the act of 1870. In this it differs from the present case.

March 13, 1883.

Judgments. Nullities. Justice Courts. Before Judge BROWN. Cobb Superior Court. November Term, 1882.

In addition to the report contained in the decision, it is only necessary to state that the bill of exceptions assigned error on the part of the court in dismissing the case, on appeal from a justice's court, because it was admitted that such court was held at a different time and place from that regularly established for the district. Plaintiff in error (defendant below) insisted that, after plaintiff had selected his own court and brought suit therein, and no plea to the jurisdiction had been filed or objection thereto been made, but a plea of set-off had been filed, on which defendant recovered, on the appeal plaintiff could not defeat this recovery by a motion to dismiss.

PHILLIPS & SESSIONS, for plaintiff in error.

A. S. CLAY, for defendant.

HALL, Justice.

The Singer Manufacturing Company sued Bozeman in the justice's court, held for the 898th district Georgia Militia, Cobb county. To the summons issued in the case, Bozeman appeared and answered by pleading a set-off, and upon the trial, he had a verdict and judgment for the excess of his over the plaintiff's demand. From this judg-

ment the plaintiff appealed to the superior court of Cobb county, and the case coming on for a hearing there, the plaintiff moved to dismiss it, for the reason that the justice's court rendering the judgment was held at a different time and place from that selected for the purpose. The facts involved in this motion being admitted, the court granted the motion and dismissed the suit, and to this judgment the defendant excepted, and the correctness of this ruling makes the only question for our determination. It is the duty of justices of the peace, and they have authority expressly given them, to select some central and convenient place in their respective districts, at which to hold their courts, of which they are to give ample public notice, and also to keep their offices within said districts, except in towns and cities embracing more than one district, where they may hold their courts, etc., at some central or convenient point within the limits of such towns and cities. Code, §457, par. 1. As to the number of times and conditions upon which such changes are to be made, see Code. §458, 459, 460, 461. And it is expressly declared that all judgments of such justices rendered in any civil cause anywhere else than at the place for holding their courts lawfully appointed, are void." Code, §462. By article 6, §7, par. 2, of the constitution, they are required to hold monthly courts at fixed times and places within their respective districts. Code, §5153. There is nothing in this case which brings it within *Harbig vs. Freund & Co.*, determined by this court at the last term, and not yet published. That case was under a local law applicable to the city of Augusta, and was commenced and determined prior to the passage of the act of July 21, 1879 (Code, §§4130, 4130 (a), 4131), the purpose of which was to carry into effect §9, par. 1 of the same article of the constitution (Code, §5156), which required the general assembly to pass laws to establish uniformity of practice, process, etc., in all courts of similar grade. This case was never under any other than the general law, as it existed prior to the adoption of the

present constitution, and if it had been, it is sufficient to state, in reply to the position assumed by counsel for plaintiff in error, that it was commenced subsequent to the passage of the above cited act of July 21, 1879.

Judgment affirmed.