MASSENGALE *vs.* McGINTY.

1  Only an officer authorized by law to levy an attachment can serve a summons of garnishment. Therefore, though a justice of the peace may issue a summons of garnishment, he cannot serve it. Code, §§3539, 3273, 3284.
2. A summons of garnishment in a justice's court must be returned to the next justice's court, if it sits after ten days' service; if not, to the next thereafter. Therefore, where summons was served only nine days before the justice's court to which it was returned, the garnishee was not bound to answer. Code, §§3539, 3303.
3. There being no evidence at all to show indebtedness by the garnishee to the defendant, a verdict by the jury in a justice's court finding against the garnishee was properly set aside on *certiorari*. Judgment affirmed.

April 25, 1884.

JACKSON, Chief Justice.

[This was a *certiorari* from a justice's court in the case of Massengale *vs.* Bradshaw, defendant, and McGinty, garnishee. The petition alleged, in brief, as follows: On January 31, 1883, a justice issued a summons of garnishment to petitioner in the case named, and handed it to him on that day. Petitioner failing to file his answer, judgment was entered against him February 9, 1883. He entered an appeal to a jury on February 13, 1883, and on March 9, 1883, the case was tried and a verdict rendered for the plaintiff. A *certiorari* was applied for and bond filed June 9, 1883. It was alleged that the verdict was wrong, for the following reasons:

(1.) Massengale's bond was not in twice the amount of the debt sworn to. (The debt sworn to was $45.04 and the penalty of the bond was $90).

(2.) Because summons was not served by such an officer as the law directs.

(3.) Because the judgment of February 9, 1883, which was appealed from, was entered up in less than ten days from date of service of summons.

(4.) Because the garnishee owed the defendant nothing.

The answer of the justice showed that the summons was served by himself, as stated in the petition; and that on the trial the garnishee testified that he had nothing in his hands belonging to the defendant; had a bill of sale to the defendant's horses and cows, but considered them as much his property as those in his own lot; and that he forgot to answer on February 9. It appears that no other witness was examined.

The court sustained the *certiorari*, adjudged the judgment and verdict mentioned to be void, and that McGinty should have judgment for costs. Plaintiff thereupon excepted.]