## MANDEVILLE *vs.* ASKEW, BRADLEY & COMPANY.

Since the adoption of the constitution of 1877, requiring justices' courts to be held monthly at fixed times and places, and the passage of the act of December 6, 1880 (acts 1880-81, pp. 56, 57), requiring a garnishee in a justice's court to answer at the term of that court to which the garnishment is made returnable, instead of within ten days after the service of the summons, the act of 1873 (acts 1873, p. 48), which required the garnishee to answer within ten days after the service of the summons, allowed the plaintiff ten days within which to traverse the answer, and required him, within five days after the filing of a traverse, to give written notice to the opposite party in interest, or his attorney, of the time of hearing the issue formed thereon, to be appointed by the justice not less than ten days after the filing of the traverse, has become inoperative. Therefore where, at the term to which the summons was returnable, the garnishee answered and the plaintiff traversed the answer, it was error, at a subsequent term, to discharge the garnishee on motion, on the ground that no written notice was given to him or his counsel of the traverse and the time appointed for hearing it.

December 21, 1886.

Garnishment. Justices and Justice Courts. Laws. Before Judge HARRIS. Carroll Superior Court. April Adjourned Term, 1886.

Reported in the decision.

OSCAR·REESE; W. C. ADAMSON, for plaintiff in error.

GORDON & BROWN, for defendants.

HALL, Justice.

A party on whom a summons of garnishment was served, answered the same at the December term, 1885, of the justice's court to which it was made returnable, when the plaintiff appeared and traversed the answer, and at the next February term of the court, when the case was called and both parties announced ready, a motion was made and sustained to discharge the garnishee, because no

written notice was given to him or his counsel, as required by §4162 of the code of 1882, of the traverse of his answer and the time appointed by the justice of the peace for hearing the issue formed upon the same. Upon *certiorari* by the plaintiff, this decision of the justice's court was reversed, to which the garnishee excepted; and this makes the question for our determination.

That the decision was correct, we entertain not the least doubt. This section of the code was copied from the act of 1873, p. 48, by the first section of which the garnishee was required to answer in ten days after the service of the summons, and if he failed to do so, he was liable to be put in default and have judgment entered against him; but by subsequent section, if he answered, the plaintiff had ten days within which to file his traverse, if he desired to do so, and not after; and in five days after the filing of the same, he was required to give written notice to the opposite party in interest, or his attorney, of the time of hearing the issue formed thereon, which the presiding justice was required to appoint in not less than ten days after the filing of the traverse. At the date of this act, there was no fixed time for holding justices' courts and hearing and determining the cases tried therein; there was then a necessity of designating time for a hearing of issues formed and pending, and a necessity for giving notice of the fact to the parties called upon to respond. But now, by the constitution of 1877, code, §5153, justice courts must sit "monthly and at fixed times and places," and any proceeding had in that court on a day or at a place different from that previously appointed by those having authority to do so, is surely void for want of jurisdiction, and this is so, save where parties consent that the case be heard on a different day from that previously appointed. *White vs. Mandeville*, 72 *Ga.* 705, 707, and citations. The same principle is enforced in other cases, as in *Bozeman vs. Singer Manufacturing Company*, 70 *Ga.* 685, 686.

The act of December 6, 1880, pp. 56 and 57, compiled in

§4161 of the code, requires the garnishee to answer at the term of the justice's court to which the garnishment is made returnable, instead of within ten days after the service of the summons, as he was compelled to do by the act of 1873; but if the service of the summons is not effected ten days previous to the term to which the garnishment is made returnable, then it goes over to the next succeeding term, as we held in *Massengale vs. McGinty*, 73 *Ga.* 120. The change wrought by the constitution, as to the terms of justice courts and the times and places of holding them, seems to have necessitated the passage of the act of 1880. And although that act contains no express provision as to the traverse of the answer of the garnishee and the notice to be given him of the same, and of the time appointed by the justice of the peace for hearing the issue thereby formed, yet the law itself fixes the only time and place at which it can be heard, and thereby dispenses with the necessity of such notice, and of this provision of law the party is compelled to be cognizant. *Hearn vs. Adamson*, 64 *Ga.* 608. The reason for giving the notice as to the time of hearing the issue made by the traverse has ceased and the statutory provision to that effect has become inoperative by reason of the constitutional requirement upon the subject and the various legislative enactments in pursuance of the same.

Judgment affirmed.