THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY *v.* THE SAVANNAH GROCERY COMPANY.

1. Although a summons of garnishment is regularly issued in due time before the term of the court to which it is made returnable, service thereof must be perfected before the commencement of such term, in order to compel an answer from the garnishee on or before the first day of the term next thereafter ensuing.

2. A judgment rendered against a garnishee before the expiration of the time within which he is allowed by law to answer is void, and it is not necessary to his relief therefrom that he show to the court that his answer, had the same been filed before the judgment, would have presented sufficient legal reasons to prevent its rendition.

February 10, 1896.

Motion to arrest judgment. Before Judge Callaway. Scriven superior court. May term, 1895.

*Dell & Wade* and *H. C. Kittles*, for plaintiff in error.
*Lee & Giles*, by *Hines & Hale*, contra.

SIMMONS, Chief Justice.

Upon a pending suit process of garnishment was sued out on April 23, 1894, returnable to the May term of the superior court. That term began on May 21, and closed on May 26. The garnishee was served with summons on May 23. No answer was filed. The plaintiff obtained judgment against its debtor at the October term of the superior court of the county where the main action was pending. On November 20, during the November term of the superior court of the county where the garnishment was served, judgment was rendered against the garnishee, it being recited therein that the garnishee had failed to answer. On the next day and during the November term, the garnishee moved to set aside this judgment, one of the grounds of the motion being that the garnishee had until the next term to answer. The motion was overruled, and the garnishee excepted.

1. The law requires that summons of garnishment shall be issued a specified number of days before the term to which it is made returnable, twenty days being the time prescribed where the suit in which it is issued is pending in the superior court of another county than that in which the garnishee resides, as was the case here. (Code, §§3536, 3537, 3538.) The law also provides for service of the summons, but is silent as to the time when such service shall be made. The requirement that the summons shall issue a certain number of days before the return term is for the benefit of the garnishee, the object being to afford him timely notice of the proceeding. This requirement, however, would be of no benefit to him unless service, as well as the issuance of the summons, were required to take place before the term; and we think it is clear that the return term is to be fixed with reference not only to the time of the issuance of the summons, but to the time of service, and that such service must precede the term. In the present case, as we have seen, the summons was issued more than twenty days before the May term, but was not served before the term. The garnishee was therefore under no duty to answer at that term. The law further provides that "when any person summoned as garnishee fails to appear in obedience to the summons, and answer at the first term of the court at which he is required to appear, the case shall stand continued until the next term of the court; and if he should fail to appear and answer by said next term, the plaintiff may, on motion, have judgment against him," etc. (Code, §3304.) This section has reference expressly to attachment cases, but this court has held that the law is the same in all other cases. (*Sanders* v. *Miller*, 60 *Ga.* 554.) It follows that the court in this case erred in rendering judgment against the garnishee, the term at which the judgment was rendered being the first after service of the summons.

2. It was contended that the garnishee, having had notice before the end of the first term, ought to have appeared at

that term and raised the objection of want of proper service, and having failed to do this, was bound by the judgment; and further, that a statement setting forth a substantial defense would have to be made by the garnishee before the court would be authorized to set aside the judgment. We do not agree with counsel in these contentions. The judgment having been rendered before the expiration of the time within which the garnishee was by law allowed to answer, it was void; and this being so, the garnishee was as a matter of right entitled to have it set aside. The cases relied on by counsel for the defendant in error, in which a meritorious defense was required to be shown, were cases in which there was default on the part of the moving party. In the present case there was no default.

*Judgment reversed.*