## JARRELL v. GUANN.

1. A person summoned as garnishee in a justice's court must answer at the term to which the summons is returnable, provided the term is more than ten days from day of service; and upon failure so to answer, judgment may be rendered against him at the first term for the amount for which judgment may have been obtained against the principal debtor.

2. That the justice who rendered the judgment was related within the fourth degree of consanguinity or affinity to one of the parties to the case was no ground of illegality.

Submitted June 9, — Decided July 23, 1898.

Affidavit of illegality — certiorari. Before Judge Falligant. · Effingham superior court. October 23, 1897.

*Gordon Saussy,* for plaintiff in error.
*J. G. & D. H. Clark,* contra.

COBB, J. On February 18, 1896, suit was brought in the jus- tice's court, and process of garnishment issued, returnable to the March term of the court, to be held March 7, 1896. At that · time judgment by default was rendered against the defendant · and the garnishee. At the April term the garnishee filed an

answer under oath, denying indebtedness and the possession of any property or effects of the defendant. This answer was stricken. Execution being issued against the garnishee and levied, he interposed an affidavit of illegality, alleging that the execution was proceeding illegally, on the ground that the summons of garnishment did not bear date twenty days before the term to which it was returnable; that the judgment was rendered against the garnishee at the same time that judgment was rendered against the defendant; that the judgment was rendered against the garnishee at the term to which the summons was returnable; that the court declined to receive the answer of the garnishee which was filed at the next term; that the justice of the peace who rendered the judgment was disqualified to preside in the case, being related to the plaintiff within the fourth degree of consanguinity and affinity; that the garnishee owes the defendant nothing. The issues arising upon the affidavit of illegality were tried in the justice's court before a magistrate other than the one who rendered the judgment, who had been summoned from another district to preside in the place of the magistrate who was disqualified. The affidavit of illegality was dismissed. On certiorari this judgment was affirmed by the superior court, and to this judgment the plaintiff in error excepted.

1. It is contended by the plaintiff in error that the judgment rendered by the justice of the peace against the garnishee was void, because the same was rendered at the first term after service. In support of this contention the act of March 4, 1856 (Acts 1855-6, p. 29), is cited. Section 15 of that act declares, that " When any person summoned as garnishee fails to appear in obedience to the summons, and answer at the term of the court at which he is required to appear, the case shall stand continued until the next term of the court, and if he shall fail to appear and answer by the next term of the court, the plaintiff in attachment may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in attachment, or for so much thereof as shall remain unpaid at the time judgment is rendered against the garnishee, and it shall be lawful for the court to continue the case against the garnishee until final judgment is rendered against the de-

fendant in attachment." Section 4551 of the Civil Code is taken from this act, and embodies the same provision, in substance. The act of 1856 was dealing with the subject of attachments and garnishments generally; and, construing the act as a whole, it seems that it was the intention of the General Assembly to make the same rules apply in all cases, whether the suit was begun in the superior, inferior, or justice's court. It is also true that it has been held by this court, in at least two cases, that the law as embodied in section 4551 of the Civil Code was applicable to all cases of garnishment, whether founded on attachment or otherwise; but it is to be noted that in both of these cases the garnishment proceedings were pending in the superior court, and therefore in neither was the question directly before the court as to whether the provision of the act of 1856 embodied in the section above cited was applicable to justices' courts. *Sanders v. Miller,* 60 *Ga.* 554; *Liverpool Ins. Co.* v. *Savannah Grocery Co.,* 97 *Ga.* 746. It may be that prior to the adoption of the constitution of 1868 the law allowing the garnishee two terms at which to make an answer was applicable to justices' courts; but, under the provisions of that constitution, which declared that " the justices of the peace . . may sit at any time for the trial " of cases within their jurisdiction (Code of 1873, § 5104), thus abolishing terms altogether, so far as that court was concerned, the act of 1856 could not be applicable to such a court. In order to carry into effect the constitutional provision allowing the justices of the peace to sit at any time, the General Assembly in 1873 passed an act which declared, that " When process of garnishment is sued out, returnable to any justice's court, and served upon the garnishee, it shall be the duty of the garnishee to answer within ten days from the day of service; and in case of failure so to answer, the justice of the peace shall enter a default against the garnishee, and shall enter up judgment in favor of the plaintiff against the garnishee for such an amount as may have been obtained by judgment against the defendant, or for such an amount as may thereafter be recovered in the pending suit, after judgment obtained." Acts 1873, p. 47. By the very terms of this act the garnishee had ten days from the date of service to answer, and no more,

in case judgment had been obtained against the principal debtor. at or before the expiration of the time allowed the garnishee to answer. Such was the condition of the law in regard to gar-. nishments in the justice's court at the time of the adoption of the present constitution, in which it is declared that justices of the peace " shall sit monthly at fixed times and places." Civil Code, § 5856. The effect of this change in the law in reference to the justice's court was to again make it one of the courts in this State having fixed terms. It therefore became necessary for the General Assembly to adjust the law in reference to these courts to the radical change which was made by the constitutional provision above alluded to. The act of 1873, requiring the garnishee to answer within ten days after service, was entirely inapplicable to the new state of affairs, as a compliance with its terms would result in the garnishee's answer being filed in vacation, which was contrary to the spirit of the scheme pro. vided in the new constitution. See *Hearn* v. *Adamson,* 64 *Ga.* 608. To remedy this, the act of 1880 was passed, which amended the act of 1873. Acts 1880, p. 56. The act of 1873, as amended by the act of 1880, is now embraced, in substance, in section 4153 of the Civil Code, which declares, that " When a process of garnishment is issued out, returnable to any justice's court and served upon the garnishee, it shall be the duty of the garnishee to answer at the term to which the garnishment is made returnable. And in case of failure so to answer, the justice of the peace shall enter a default against the garnishee, and shall enter up judgment in favor of the plaintiff against the garnishee, for such an amount as may have been obtained by judgment against the defendant, or for such an amount as may thereafter be recovered in the pending suit." It is therefore seen that, under the very terms of the statute, after judgment has been obtained against the principal debtor, the justice of the peace has not only the right, but it is his duty, to enter a judgment by default against a garnishee who fails to answer at the term to which the summons is returnable. It is true that in the case of *Arnold* v. *Gullatt,* 68 *Ga.* 810, it is declared in the headnote that since the act of 1880 the law applicable to judgments against garnishees in justices' courts is similar to that applica-

ble to other courts, and that Justice Crawford in the opinion uses this language: "We think that the act of 1880 was mainly to carry into effect the constitution of 1877, and to put back the justices' courts where they stood before the constitution of 1868, and the law applicable to it, so far as respects answers in garnishments." The court in that case, however, was not dealing with the question now under consideration; but the question then before the court was, whether a judgment could be entered against a garnishee before final judgment was entered against the principal debtor, and whether an answer filed by the garnishee at any time before final judgment was rendered against the principal debtor was in time to save a judgment by default against him. The court did not intend to rule that the garnishee, under the act of 1880, had two terms in which to answer, but, as stated above, the sole question decided was, that the garnishee's answer filed at any time before a judgment could be lawfully entered against him was in time to save a judgment by default. It may be true, as stated above, that prior to the constitution of 1868 a garnishee in a justice's court had two terms to answer, and it may be true that since the adoption of the constitution of 1877 the purpose of the General Assembly in the acts passed from time to time has been to restore the rules in regard to proceedings in the justice's court as they existed prior to the constitution of 1868. Still, where an act passed since 1877 is entirely inconsistent with such rule and is not inconsistent with the constitutional provision, the act will prevail, notwithstanding the existence of a contrary rule prior to 1868.

It was further contended that the judgment against the garnishee was void, because the summons did not bear date twenty days before the term of the court to which it was returnable. We know of no law which requires a summons of garnishment issued, returnable to the justice's court, to bear date twenty days before the term to which it is returnable. It must be served ten days before the term to which it is returnable, and as it may be served on the same day on which it is issued, it would seem to follow that if it bore date ten days before the term to which it was returnable, it would be sufficient, provided service was

made on the same day.   See *Massengale* v. *McGinty,* 73 *Ga.* 120.

It was further insisted that the judgment was void, because it was rendered against the garnishee at the same time that the judgment was rendered against the defendant.   In support of this contention the case of *Fourth Nat. Bank* v. *Mayer,* 89 *Ga.* 108, is cited.   In that case it was held, that " A joint judgment can not be rendered against the defendant in attachment and the garnishee."   We have been unable to find in the record anything which would indicate that a joint judgment was rendered. The judgment against the garnishee does not appear in the record, but from the recitals in the bill of exceptions and the record it would appear that judgments against the principal debtor and the garnishee were rendered on the same day.   Nothing therein appears, however, to indicate either that a joint judgment was rendered, or that the judgment against the garnishee was rendered before the judgment against the principal debtor.   The recitals in the record before us are entirely consistent with a regular proceeding, which would be, entering up judgment against the principal debtor, followed immediately by an entry of judgment by default against the garnishee.   The judgment against the garnishee at the term to which the summons was returnable being lawful and proper, the justice's court did right in refusing to receive an answer at a subsequent term, notwithstanding the fact may be that the garnishee " owes the defendant nothing."

2.  The proposition stated in the second headnote was directly ruled by this court in the case of *Rogers* v. *Felker,* 77 *Ga.* 46.

*Judgment affirmed.   All the Justices concurring.*