## AVERBACK *v.* SPIVEY.

1. While the act establishing the city court of Moultrie (Acts of 1901, p. 143) provides for appearance and trial terms, and declares that in cases in which there is no plea or defense filed on the call of the appearance docket a judgment may be rendered by the court at said appearance term, yet section 19 enacts, "that the garnishment proceeding in the city court shall be conformable to the laws on the subject applicable in the superior court."
2. In the superior court, under the Civil Code, §§ 4551, 4709, the garnishee in all cases has until the first day of the second term after the service of the summons of garnishment, in which to answer.
3. Where, therefore, a garnishee failed to answer at the term of such city court to which he had been summoned, a judgment by default should not have been entered ; and the judge, on a motion filed on the first day of the succeeding term, properly set the judgment aside and allowed the garnishee to answer.
4. The garnishee was not in default for failing to answer while the motion was under consideration by the judge. The answer filed immediately upon the grant of the order vacating the previous judgment was not too late.

Submitted December 16, 1904. — Decided January 30, 1905.

Motion to set aside judgment. Before Judge Covington. City court of Moultrie. February 10, 1904.

On August 18, 1902, Averback obtained judgment against Davis, in the city court of Moultrie. In the following month he caused a summons of garnishment to issue against Spivey, calling upon him to answer at the next (November) term as to what money or effects he had in possession belonging to Davis. At that term judgment by default was entered against Spivey in his absence and without further notice, he being hindered from attending court by the fatal illness of his child. The second term after service of the summons of garnishment was in February, 1903, and on the 3d of February Spivey presented his motion to set aside the judgment against him, alleging the foregoing facts; that he owed Davis nothing and had no money or effects of Davis in his possession at the time of service of the garnishment nor since; and that he stood ready, at the second term, to make answer to the summons of garnishment. A demurrer to the motion was overruled, and the judgment was set aside and the garnishee allowed to file his answer. The plaintiff moved to strike the answer, on the ground that it was not filed until several terms had passed after service of the garnishment. He excepted to the overruling of this motion and of his demurrer.

*T. W. Mattox*, for plaintiff.   *J. D. McKenzie*, for garnishee.

LAMAR, J.   In this case a garnishment was sued out on a judg-
ment, as provided in the Civil Code, § 4705.    By the last clause
of § 4709, proceedings subsequent to the affidavit and summons
"shall be the same as prescribed in cases of attachment."   By the
Civil Code, § 4551, the answer in all cases is in time if made
on the first day of the second term of the superior court after
service of the summons.    *Sanders* v. *Miller*, 60 *Ga.* 554.   *Jarrell*
v. *Guann*, 105 *Ga.* 141 ;   *Atlanta Journal* v. *Brunswick Pub. Co.*,
111 *Ga.* 722.    Under these decisions and sections of the code,
the garnishee, therefore, had until the first day of the February
term, 1903, in which to answer, and the default judgment entered
during the November term, 1902, was void (*Liverpool Co.* v. *Sav.*
*Grocery Co.*, 97 *Ga.* 747), unless the act establishing the city
court of Moultrie has modified the general law contained in the
code.    Section 35 of that act (Acts of 1901, p. 143) provides for
an appearance and a trial term, and declares that "in cases in
which there is no plea or defense filed on the call of the appear-
ance docket . . a judgment may be rendered by the court
. . at said appearance term."   Section 15 provides that the laws
governing pleading and practice in the superior court shall be
applicable to said court, unless otherwise provided in the act;
section 18, that all laws upon the subject of attachments and
garnishments in the superior court shall apply to said city court
so far as the nature of said city court will admit.    By section 19
it is further enacted, "that the garnishment proceeding in the
city court shall be conformable to the laws on the subject appli-
cable in the superior court."   It is claimed that under this statute
a failure of the garnishee to answer on or before the call of the
appearance docket at the first term after service of the summons
authorizes a judgment against him.    There is language in the act
which might admit of such a construction.    But considering the
nature of the garnishment proceeding, and the relation of the
garnishee to the case, and giving full effect to the provision of
section 19, which expressly declares that the "garnishment pro-
ceeding in the city court shall be conformable to the laws on the
subject applicable in the superior court," it appears that whatever
might be the rule as to other classes of cases, or in other city
courts (*Dodson* v. *Harris*, 114 *Ga.* 968 ; *Mathews* v. *Bishop*, 106

*Ga.* 564), the General Assembly intended here to give to the garnishee all of the rights which he had under the code. Among these was the privilege to have the case continued until the first day of the second term, where there had been a failure to answer at the first term. Having promptly made application for this privilege, the garnishee could not be prejudiced by reason of the failure to answer during the time the application was under consideration by the court. The judge did not err in vacating the judgment. This conclusion makes it unnecessary to consider whether the sickness of a member of the garnishee's family constituted such providential cause or excusable neglect as would authorize the court in a proper proceeding to set aside the judgment. See *Phillips* v. *Taber,* 86 *Ga.* 566 (4); Leaming v. McMillan, 59 Ark. 152.

*Judgment affirmed. All the Justices concur.*