### 11108.   GAINESVILLE GROCERY CO. *v.*
### BANK OF DAHLONEGA.

In the superior court the garnishee in all cases has until the first day of the second term after the service of the summons of garnishment in which to answer. The words " until the first day " include all of that day.

DECIDED APRIL 14, 1920.

Garnishment; from Lumpkin superior court — Judge J. B. Jones.   October 23, 1919.

*W. J. Gaillard,* for plaintiff in error.

*O. J. Lilly,* contra.

BLOODWORTH, J.   On January 29, 1919, an attachment was issued in favor of the Gainesville Grocery Company against J. W. Lunsford, and made returnable to the April term of court. On February 6 summons of garnishment was served upon the Bank of Dahlonega, directing the bank to answer at the April term of court, which was the appearance term of the attachment case, the trial term being the October term.   The attachment case was entered on the docket, but in this entry there was no reference to the garnishment, and there was no separate entry of the garnishment case.   A declaration in the garnishment case was filed.   On the first day of the October term of the court the attachment case was reached in its order on the call of the issue docket, and verdict and judgment were rendered against the defendant.   Thereupon the attorney for the plaintiff presented to the court for his signature a judgment against the garnishee.   Upon an examination of the docket the judge discovered that the garnishment case was not on it, and thereupon entered it himself on the docket.   When the judge inquired whether any one represented the bank an attorney said that he did, and asked for a short time in which to investigate.   Time was allowed him, over the objection of counsel for plaintiff.   During the day an answer was filed by the bank. On the next day a written motion was made by the plaintiff to strike the answer of the bank, one of the grounds of which was that it was "not sworn to properly," and the substance of the other grounds was that the answer was filed too late.   After argument the judge passed the following order:   "The within motion is overruled and disallowed for the following reasons:   On the first day of the October term, 1919, of this court, and immediately after a verdict and judgment against Lunsford in favor of plaintiff had been rendered, plaintiff's counsel presented to the court a prepared judgment against the defendant in garnishment (the bank), and, examining the docket, no such case appeared, and, calling attention to that fact, counsel for the bank asked for a short time to investigate the matter.   The case was then entered on the court docket, after which, and during said first day of said term, the defendant

in garnishment presented its answer as appears." To this order, and also to the refusal of the judge to grant plaintiff's original and oral motion to enter judgment against the garnishee, the plaintiff excepted.

The court did not err in these rulings, for "in the superior court, under Civil Code §§ 4551, 4709 [§§ 5097, 5269 of the Civil Code of 1910], the garnishee in all cases has until the first day of the second term after the service of the summons of garnishment in which to answer." *Averback* v. *Spivey,* 122 *Ga.* 18 (2) (49 S. E. 748). See also *Sanders* v. *Miller,* 60 *Ga.* 554 (1); *Liverpool &c. Insurance Co.* v. *Savannah Grocery Co.,* 97 *Ga.* 746, 747 (25 S. E. 828); *Jarrell* v. *Guann,* 105 *Ga.* 141 (31 S. E. 149). Section 5097 of the Civil Code of 1910 is as follows: "When any person summoned as garnishee fails to appear in obedience to the summons, and answer at the first term of the court at which he is required to appear, the case shall stand continued *until the next term of the court;* and if he should fail to appear and *answer by said next term,* the plaintiff may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in attachment, or so much thereof as shall remain unpaid at the time the judgment is rendered against the garnishee; and the court may continue the case until final judgment is rendered against the defendant in attachment." (Italics ours.) In *Rogers* v. *Cherokee Iron &c. Co.,* 70 *Ga* 717 (1), it was held: "Where in a motion for new trial the movant is allowed until a certain day, time or term to prepare and file the motion and approved brief of evidence, the word 'until' includes such day, term or time, and if proper action be taken at that time it is in season. [*Board of Commissioners* v. *Dart*] 67 *Ga.* 765." In *Atlanta Journal* v. *Brunswick Publishing Co.,* 111 *Ga.* 722 (36 S. E. 929), Justice Little said: "It is likewise true that the rights of the diligent creditor require a prompt compliance with the law on the part of the garnishee. It has, however, been repeatedly ruled by this court that circumstances may arise in which the garnishee ought not to have judgment rendered against him for failure to answer at the exact time required. Garnishment is but a substitute for a proceeding in equity." See *Russell* v. *Freedman's Savings Bank,* 50 *Ga.* 576.

The above rulings cover all that is insisted upon in the brief of counsel for the plaintiff in error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*