19403.   MYRICK *v.* JONES-STEWART MOTOR COMPANY.

DECIDED APRIL 11, 1929.

*J. P. Burnett,* for plaintiff.

*Jones, Jones, Johnston & Russell,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) The sole question presented for determination is whether one who is served with a summons of garnishment issuing out of the municipal court of Macon upon a pending suit for a sum in excess of $25, and answerable in that court, must answer upon the first day of the term at which the summons is answerable, as is required in answering a summons of garnishment in a justice's court, or is allowed until the term of the court next after the term at which the summons of garnishment is answerable to make answer, as is allowed in answering a summons of garnishment in the superior court.

The act approved August 16, 1913, establishing the municipal court of Macon (Ga. L. 1913, p. 252), in section 18 provides that "the general laws of this State in regard to the commencement of actions in the superior courts, and defenses thereto, of whatever nature, the pleadings, the method of procedure and practice therein, and in regard to the examination of parties to suits or witnesses, by interrogatories or under subpœna, witnesses and their attendance, continuances, charge of the court, granting of new trials, and other matters of a judicial nature within the jurisdiction of said municipal court, shall be applicable to said municipal court, except as may be otherwise provided in this act," and section 19 of the act provides that "suits in said municipal court shall in all respects be conformable to the mode of procedure in the superior courts save as in this act excepted." The only exceptions in this act or in any act amendatory thereof, relating to practice or procedure other than obtains in the superior courts of the State, are contained in sections 20 (b) and 15, where it is provided, in section 20 (b), in addition to a provision excepting suits not exceeding $25 in the principal sum claimed, or the value of the property in controversy, from the rules of pleading as provided in section 18, that the gen-

eral laws of this State with reference to procedure in the superior courts are modified as respects the municipal court of Macon by the abolition of the requirement of demurrers and special pleas, and where provision is made for the verification of claims and answers and for amendments to pleadings, and where it is provided in section 15 (of the act) that "all warrants, summary processes, and writs issuing out of said municipal court, in which the principal sum claimed to be due or the value of the property in dispute does not exceed five hundred dollars shall be returnable to said municipal court in the same manner and under the same rules as such writs are required to be returned to the superior courts or the justice courts of this State as the case may be."

The institution of a suit against a debtor and the issuance thereon of a summons of garnishment against another constitutes a "suit" and an "action" against the garnishee. *Hines* v. *Minor, 26 Ga. App.* 278 (3) (105 S. E. 851). The garnishee's answer to the summons of garnishment served upon him is in the nature of a plea. Therefore, under the provisions of sections 18 and 19 of the act of 1913 creating the municipal court of Macon, all the proceedings incident to the institution of the suit or action against the garnishee and the garnishee's answer thereto in that court are governed by the general laws of this State applicable to the superior courts, which permit the garnishee to answer by the next term of the court after the term at which the summons of garnishment is made answerable (Civil Code (1910), §§ 5097, 5269; *Sanders* v. *Miller, 60 Ga.* 554; *Liverpool &c. Insurance Co.* v. *Savannah Grocery Co., 97 Ga.* 746, 25 S. E. 828), unless otherwise provided in the act or in acts amendatory thereof. There is certainly in section 20 (b) of this act nothing providing otherwise as respects the time within which the garnishee is permitted to make answer to the summons of garnishment. Section 15 of the act, by its terms, has reference only to the *return* of warrants, summary processes, and writs issuing out of the court. The return of a warrant, process, or writ is the report of the officer of the court who serves the warrant, process, or writ, as to his acts and doings respecting the service thereof. The return of a warrant, process, or writ is not the answer made by the person upon whom it was served. The answer made by a garnishee to a summons of garnishment which has been served upon him is not a "return" of the summons of

garnishment, but is in the nature of a plea or answer to the suit instituted against the garnishee. The case of *Baleman* v. *Macon National Bank*, 25 *Ga. App.* 42 (102 S. E. 548), was decided correctly, but if there is anything stated in the opinion in that case which is in conflict with what is here stated, it is obiter.

The judge of the municipal court of Macon, therefore, properly overruled the demurrer to the garnishee's motion to set aside the judgment, and properly sustained the motion, and the judge of the superior court properly overruled the certiorari brought by the respondent to the motion.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*