23840. BRANDON-BOND-CONDON *v.* SWIFT & COMPANY FERTILIZER WORKS.

DECIDED DECEMBER 12, 1934.

*Emanuel Javelz, Kobak & Levy, Girard M. Cohen,* for plaintiff.
*Bright, Theus & Brannen, George G. McCoy,* for defendant.

MacIntyre, J. 1. The provision of the act establishing the municipal court of Savannah that in all civil cases in that court, where the principal sum claimed or the value of the property in dispute exceeds $100, and is not over $300, "the general laws of this State in regard to the commencement of actions in the superior courts, and defenses thereto, of whatever nature the pleadings, and the method of procedure and practice therein, and in regard to the examination of parties to suits or witnesses by interrogatories or under subpoena, witnesses, and their attendance, continuance, nonsuit, direction of verdict, mistrial, charge of the court, granting new trial, and other matters of a judicial nature within the jurisdiction of said municipal court, shall be applicable to said municipal court, except as may be hereafter provided," and the further provision that such cases, "save as in this act excepted," shall in "all such respects be conformable to the mode of procedure in the superior courts," where no provision is specifically made as to garnishment proceedings and judgments against garnishees, are broad and general enough to, and will be construed as intending to, mean that the laws of this State, as found in our Civil Code, relative to judgments against garnishees in the superior courts, will govern and be controlling as to judgments against garnishees in said municipal court in cases involving amounts exceeding $100 and not more than $300. Ga. L. 1927, pp. 455, 457; Civil Code (1910), § 5097.

(*a*) Said section of the code provides that where a garnishee fails to appear and answer at the first term, "the case shall stand continued until the next term of the court, and if he should fail to appear and answer by said next term, the plaintiff may, on motion, have judgment against him."

(*b*) It follows that in a suit returnable to the May term, 1933, of the municipal court of Savannah, where the defendant is personally served and fails to appear and answer at said term, and where the garnishee is personally served and likewise fails to appear and answer at said term, and a judgment by default is entered against the defendant in the case at that term, and thereafter, on the same day, a judgment is entered against the garnishee, the judgment is premature and will be set aside on motion of the garnishee. *Liver-*

*pool &c. Ins. Co.* v. *Savannah Grocery Co.,* 97 *Ga.* 746 (2) (25 S. E. 828); *Averback* v. *Spivey,* 122 *Ga.* 18 (49 S. E. 748).

(*c*) The fact that the garnishee in this case did not appear and answer at the June term, 1933, of said court is no reason why the judgment taken against it at the May term, 1933, was not premature. A judgment against a garnishee can only be properly rendered, in due time, upon the call of the garnishment case and upon motion by the plaintiff for a judgment against the garnishee, showing that he has failed to answer within the time required by law and that a judgment has been rendered against the defendant in the main action. *Payne* v. *Alterman,* 42 *Ga. App.* 663 (157 S. E. 121).

2. The act of August 17, 1929, amending the acts relative to the municipal court of Savannah, providing that in all cases in which the principal claimed, or the value of the property in controversy, exceeds $100 and is not over $300, and at which service has been legally made and no answer or defense filed by the defendant or defendants on the first day of the term, the presiding judge or judges, on the call of the appearance docket, shall mark the cases in default, and on the first Monday thereafter a judgment or judgments may be taken or entered by reason of said default without the case being assigned for trial or proof required, does not have reference to garnishment proceedings in said court, but refers to cases against defendants where there has been no defense filed. The caption of this act provides that its purpose is "to permit default judgment to be rendered without proof." Ga. L. 1929, p. 468.

3. Applying the above rulings, the judge of the superior court did not err in sustaining the certiorari sued out by the garnishee, and in setting aside the judgment rendered against the garnishee as being premature.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*