29585. SANFORD *v.* ZOLLER *et al.*

DECIDED JULY 6, 1942.

*M. Harry Steine, Benjamin E. Pierce,* for plaintiff in error.
*Starkey S. Flythe, W. K. Miller,* contra.

SUTTON, J. L. W. Zoller and Mrs. J. L. Forrester, trading as Farmers Supply Company, obtained a judgment in the municipal court of Augusta against J. L. Green, and thereafter caused a summons of garnishment to be served on J. W. Sanford, trading as Sanford's Chicken Coop, on October 17, 1941, returnable to the November, 1941, of said court. The court convened on the fourth Monday of November, to wit, November 22, 1941, at 12 o'clock noon, at which time the docket was called. No answer had been filed by the garnishee and no appearance was made by him. On the convening of the court on the fourth Monday in December, to wit, December 22, 1941, and after the call of the docket, and the garnishee not having answered or made an appearance, the court, on motion of the plaintiff showing that he had obtained judgment against Green in the main case and that the garnishee had not filed an answer, rendered a default judgment against him for $139.97 and costs in favor of the plaintiff. On January 8, 1942, the garnishee filed a motion to set aside the judgment on the ground that it had been prematurely rendered and was void, in that he was thereby precluded from filing his answer on December 22, 1941, within the time provided by Code § 8-506, and he presented at that time his answer to the summons of garnishment. He prayed for a rule nisi against the plaintiff, which was duly

issued and served, and after a hearing thereon the court overruled the motion to set aside the judgment. The exception here is to that judgment.

The provisions of the act of 1931 establishing the municipal court of Augusta (Ga. L. 1931, p. 270, § 17) that "The general laws of this State in regard to the commencement of actions in the superior courts, and defenses thereto, of whatever nature, the pleadings, the method of procedure and practice therein, and in regard to the examination of parties to suits or witnesses, by interrogatories or under subpœna, witnesses and their attendance, continuances, charge of the court, granting of new trials, and other matters of a judicial nature within the jurisdiction of said municipal court, shall be applicable to said municipal court, except as may be otherwise provided in this act," and the further provision in § 18 of the act that "Suits in said municipal court shall in all respects be conformable to the mode of procedure in the superior courts, save as in this act excepted," there being no specific provision in the act as to garnishment proceedings and judgments against garnishees, are broad and general enough to mean, and are construed as intending to mean, that the laws of this State, as found in our Civil Code, relative to judgments against garnishees in the superior court will govern and be controlling as to judgments against garnishees in said municipal court in cases involving amounts within the jurisdiction of said court, which jurisdiction is declared by § 2 of the act to extend to civil causes or proceedings of whatever nature in which the amount involved does not exceed the sum of $500 and of which jurisdiction is not vested by the constitution and laws of this State exclusively in other courts. Accordingly, the provisions of the Code, § 8-506, "When any person summoned as garnishee fails to appear in obedience to the summons, and answer at the first term of the court at which he is required to appear, the case shall stand continued until the next term of the court; and if he should fail to appear and answer by said next term, the plaintiff may, on motion, have judgment against him for the amount of the judgment he may have obtained against the defendant in attachment, or so much thereof as shall remain unpaid at the time the judgment is rendered against the garnishee; and the court may continue the case until final judgment is rendered against the defendant in attachment," are appli-

cable to a garnishment proceeding in the municipal court of Augusta as to the time in which the garnishee is required to answer a summons of garnishment. While this section has reference expressly to cases in attachment, the law as to the time in which the garnishee shall answer is the same in all cases. *Sanders* v. *Miller,* 60 *Ga.* 554; *Liverpool & London & Globe Insurance Co.* v. *Savannah Grocery Co.,* 97 *Ga.* 746 (25 S. E. 828).

In construing this section it has been repeatedly held that the garnishee has until the first day of the second term after the service of summons of garnishment in which to answer, and in *Gainesville Grocery Co.* v. *Bank of Dahlonega,* 25 *Ga. App.* 230 (117 S. E. 263), it was ruled that "The words 'until the first day' include all of that day." In *Liverpool & London & Globe Insurance Co.* v. *Savannah Grocery Co.,* supra, it was held: "A judgment rendered against a garnishee before the expiration of the time within which he is allowed by law to answer is void, and it is not necessary to his relief therefrom that he show to the court that his answer, had the same been filed before the judgment, would have presented sufficient legal reasons to prevent its rendition." See also *Averback* v. *Spivey,* 122 *Ga.* 18 (49 S. E. 748); *Brandon-Bond-Condon* v. *Swift & Co.,* 50 *Ga. App.* 254, 255 (1-b) (177 S. E. 832).

Upon the application of the above-stated principles of law to the facts of the present case it is clear that the judgment rendered against the garnishee upon the completion of the call of the docket on the first day of the term following the term to which the summons of garnishment was returnable, which admittedly was on December 22, 1941, was premature and void, inasmuch as the garnishee had the right to file his answer at any time on that date. The fact that he did not do so until January 8, 1942, can not affect his right to have the judgment set aside, because a judgment can not legally be rendered against a garnishee until the time in which he is allowed under the law to answer has expired. It follows that the court erred in overruling his motion to set aside the judgment. *Bearden* v. *Metropolitan Street R. Co.,* 82 *Ga.* 605 (9 S. E. 603), cited and relied on by the defendant in error, is distinguishable. In that case the judgment was not taken against the garnishee before the expiration of the time in which he was required to answer.

The provisions of § 19(a) of the act creating the municipal court of Augusta, "In all cases in which no answer has been filed before twelve o'clock m. on the first day of said term [the appearance term], the judge on the call of the appearance docket shall mark the same 'In default,' and all cases so marked shall thereby be ripe for trial and judgment. After rendition of final judgment in a case so marked 'In default,' the right of opening such default shall terminate, unless by order of the court under the rules of law now in force as to opening defaults in superior courts of this State, or by consent of parties or counsel of record, evidenced by a written stipulation filed with the clerk of said court," do not, properly construed, refer to garnishment proceedings but to cases against defendants who may be adjudged in default where there has been no *defense* filed at the *first term,* whereas a garnishee, for reasons hereinbefore shown, can not be in default until he has failed to file his answer on the first day of the term after the term to which the summons of garnishment is made returnable.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*