## 37204. HARRINGTON *et al. v.* JONES.

DECIDED JULY 2, 1958.

*Chas. C. Martin,* for plaintiffs in error.

*John R. Calhoun,* contra.

GARDNER, Presiding Judge. The only question presented in this case is, how many days before December 3rd, the first day of the December term of the Municipal Court of Savannah, must a summons of garnishment issuing out of the Municipal Court of Savannah be served upon the garnishee, the sum involved in this controversy exceeding $100 and being not over $300, in order to require that the answer be filed to the December term of the court? To state the question a little differently, is a summons of garnishment filed in said court on November 20, 1957, which was served eight days before the commencement of the December term, answerable to the December term?

To determine the question here involved, it will be necessary to look to the acts of the General Assembly creating the Municipal Court of Savannah in lieu of the justice of the peace

courts of Chatham County. The said municipal court follows the rules and practice of the justice of the peace courts regarding service to the extent as specified by the acts creating the Municipal Court of Savannah (Ga. L. 1915, p. 124).

Ga. L. 1927, p. 457, § 5 increased the jurisdiction of the Municipal Court of Savannah to include civil cases when the amount in controversy exceeds $100 and does not exceed $300.

Ga. L. 1929, p. 473, § 3 provides that all civil proceedings in the Municipal Court of Savannah in which the sum claimed or the value of the property in dispute exceeds $100 and does not exceed $300 shall be commenced at least ten days before the first day of the term to which they are returnable, and process shall be served at least ten days before the first day of the said term.

Ga. L. 1937, p. 1209, § 7 amends § 3 of Ga. L. 1929, p. 473 by quoting the entire section but changing a paragraph thereof to read "shall be served on the defendant at least seven days before the first day of said term [the term to which the case is answerable.]"

Ga. L. 1955, p. 3295, § 3 again amended this law so as to require that service be made at least five days before the new term of court, but by reference to the section which was being amended we find that this amendment involves cases only *under* $100.

The record of the case now under consideration reveals that service was perfected on the garnishee on the eighth day prior to the opening of the December term, which term opened December 3, 1957. In our opinion the term of this service was clearly within the prescribed time set out in the Acts of 1937, p. 1209, § 7. There should be no confusion regarding the caption of the act. The garnishment was filed in time for the December term which opened on December 3rd, and the summons of garnishment was served on the garnishee within the time limit of seven days as required by Ga. L. 1937, p. 1209, § 7 set forth in Code § 8-506. That Code section provides that when any person summoned as garnishee fails to appear in obedience to the summons and fails to answer at the first term of court at which he is required to appear, the case shall be continued to the next term of court (which in the instant case would be the January

term 1958). It is further provided that if the garnishee should fail to appear and answer at the said next term, (the January term) the plaintiff may, on motion, have judgment against the defendant for the amount claimed. The garnishee did not appear at the first term, that is the December term, nor did he appear at the second term, the January term. The record reveals no reason for the garnishee failing to appear at court and answer the summons of garnishment at either the first or the second term.

The record is clear in this case that service was perfected on the garnishee on the eighth day prior to the opening of the December term 1957. We think this reveals that the service of the summons of garnishment on the 25th day of November was in the time prescribed by law. The garnishee failed to answer, as we have stated hereinabove, within the statutory time.

*Brandon-Bond-Condon* v. *Swift & Co. Fertilizer Works,* 50 *Ga. App.* 254 (177 S. E. 832) is not applicable to the facts in the instant case. In that case a judgment was taken against the garnishee at the first term of court after he was served. That case could have no application to the instant case because in the instant case service was legally made to the December term and no judgment was taken until after the next succeeding term expired, i. e., the January term 1958.

The garnishee filed a motion to dismiss, contending that the bill of exceptions was prematurely brought and that there was no final judgment in the case in the lower court. Counsel contends that the motion to set aside the default judgment was sustained on April 15, 1958, and that on April 22, 1958, the defendant filed an answer to the summons of garnishment and that such is still pending in the court below. This motion is without merit since neither the bill of exceptions nor any part of the record sustains any such state of facts. The motion to dismiss is denied.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*