## 51119. TERMPLAN, INC., BOLTON v. HAYNES.

MARSHALL, Judge.

This appeal is from the setting aside of a default judgment originally entered in behalf of appellant, Termplan, Incorporated, Bolton, plaintiff below, against a garnishee, Haynes, garnishee-appellee.

Appellant obtained a judgment against its debtor Lovelace on January 27, 1971. A summons for garnishment against Lovelace's employer appellee Haynes, was sought, issued, and served upon Haynes on September 4, 1973. Haynes filed its answer to the garnishment summons on October 23, 1973, which was four days beyond the 45-day period allowed for a garnishee to answer as provided by Code § 46-105, as amended by Ga. L. 1962, pp. 717, 718; 1964, pp. 220, 221 (Code Ann. § 46-105), but within the 15-day period allowed for opening a default under CPA § 55 (a) (Code Ann. § 81A-155 (a)). The garnishee Haynes did not make the payment of costs as provided by CPA § 55, supra. Appellant traversed the answer and moved to strike, alleging both that the garnishee was in default for not filing within the 45-day period allowed by Code Ann. § 46-105, supra, and that the attempt to open the default pursuant to the provisions of CPA § 55, supra, was nugatory, inasmuch as the garnishee did not pay costs.

On November 30, 1973, the trial court granted the motion to strike and judgment was entered against the garnishee Haynes, who again failed to appear, apparently because Haynes had not paid the costs as required by CPA § 55, supra. Haynes then filed a motion to set aside the default judgment, which was granted. From that order appellant appeals.

The garnishee Haynes contends that under the garnishment laws he could file an answer any time prior to the time the plaintiff, appellant herein, moved for judgment on the garnishee's default. It was stipulated that appellant did not move for judgment against Haynes until November 30, 1973, well after the garnishee Haynes filed his answer on October 23, 1973. Appellant contends that in 1962 the General Assembly eliminated the requirement for a motion by the garnishor in order to

obtain a judgment upon default. *Held:*

The appellee-garnishee relied upon *Sanford v. Zoller,* 67 Ga. App. 535, 536 (21 SE2d 265); *Gainesville Grocery Co. v. Bank of Dahlonega,* 25 Ga. App. 230, 232 (102 SE 912) and *Owen v. Moseley,* 161 Ga. 62, 66-67 (129 SE 787), and other cases, all of which were based on Code Ann. § 46-105 and Code Ann. § 8-506 *before* they were amended in 1962. The General Assembly, in 1962, changed the procedural requirements in garnishment proceedings by requiring the garnishee to file an answer not sooner than 30 days nor later than 45 days of the summons (Code Ann. § 46-105), and that upon his failure to so file, "said case shall be in default, . . . judgment by default shall issue in the same manner as now or hereafter provided by the laws relating to ordinary civil actions." (Ga. L. 1962, pp. 717, 721). Judgment by default in ordinary civil actions is governed by CPA § 55 (Code Ann. § 81A-155), supra, and provides in substance if an answer has not properly been filed within the time required, the case automatically is in default. Such default may be opened as a matter of right by the filing of the required answer within 15 days of the default (i.e., within 60 days) *upon payment of costs.*

The clear import of the 1962 changes is that if a garnishee has not filed an answer within 45 days, the garnishee, automatically, by operation of law becomes default. He may avoid the consequences of the default within 15 days of default by filing the appropriate answer *and* the payment of costs. If following that 15-day period the case is still in default, the plaintiff may have verdict and judgment at any time thereafter. There is no longer a requirement for a motion by the garnishor.

The facts of this case reflect that appellee filed its answer to the summons of garnishment on the 49th day following service of the summons. By operation of law he was in default. Though appellee filed an answer within the 15-day period following default as authorized by the Civil Practice Act, he failed to pay costs. This failure was set out as a deficiency in the traverse to appellee's answer. We conclude under this state of facts that the trial court in its November 30, 1973 action was correct in striking appellee's answer as being filed too late and entering

judgment on the default in favor of appellant. The trial court erred when it subsequently set aside the default judgment.

*Judgment reversed and remanded for action consistent with this opinion. Bell, C. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 17, 1975 — DECIDED DECEMBER 2, 1975 — REHEARING DENIED DECEMBER 19, 1975.

*Richard V. Karlberg, Jr.,* for appellant.
*Ernest J. Nelson, Charles H. Hyatt,* for appellee.