PLANT & SON *v.* THE MUTUAL LIFE INSURANCE COMPANY.

1. In strict law an answer to a summons of garnishment should not be made and sworn to until the term of the court to which the summons is returnable, but an answer prematurely made and filed is not on that account insufficient, unless it be excepted to; and when excepted to, it is amendable. Delay to except to it until a term of the court has elapsed and another one arrived, is good cause for giving time to amend after the exceptions are adjudicated.

2. The attorney at law of a corporation, who does not profess to be its agent in any other capacity, is not competent to verify on its behalf an answer to a summons of garnishment; but the answer may be verified by any agent of the corporation who can and will depose positively to the facts stated therein. An answer sworn to by an agent "to the best of his knowledge and belief" is not properly verified without a further statement pointing out what facts he knows and what facts he believes, together with the grounds of his belief. In this case direction is given that amendment be allowed, if a proper amendment be tendered and duly verified, within ten days after the entry of the *remittitur* from this court in the court below.

October 30, 1893.

Garnishment. Before Judge VAN EPPS. City court of Atlanta. March term, 1893.

Plant & Son, judgment creditors of Hanson, sued out process of garnishment which was served on the Mutual Life Insurance Company of New York, and was returnable to the December term, 1892, of the city court of Atlanta. Answer alleging no indebtedness was sworn to by the company's agent on November 28, and was filed on November 30, 1892. On April 14, 1893, the

case was called in its order on the docket, and the plaintiffs moved for a judgment in their favor, on the ground that no sufficient answer had been filed, the answer having been filed before the day designated by law. The garnishee objected, and insisted on the sufficiency of its answer. The court set the motion for a hearing, and it was heard on April 20. On April 15, the plaintiffs had filed exceptions to the answer on the grounds that it was not filed " at the next court " commencing after the process was served nor at any subsequent time, and that it was not sworn to when filed but at a prior day; and a written motion to strike the answer and to enter judgment in their favor against the garnishee. It was admitted at the hearing that no further answer or amendment to the original answer had been filed or offered, and that it was then too late to get a jury trial at that term of the court in any case that had not gone to the trial calendar on April 14, but not too late to have got a jury trial in this case when it was called on that day. The plaintiffs' judgment and execution against Hanson appeared in evidence. The garnishee offered an amendment to its answer, alleging no indebtedness to Hanson at the time of the service of the garnishment and up to the date of the amendment, which was April 19. This was sworn to by one Rockwell as the company's agent, to the best of his knowledge and belief. The plaintiffs objected to the allowance of the amendment, on the grounds that it was too late, and no excuse was offered for not making it before, that it did not appear by what authority Rockwell appeared to answer for the garnishee, and that the amendment was not sworn to positively. After argument, the counsel for the garnishee made an affidavit to the amendment, " that he is an attorney at law of the Mutual Life Insurance Company, the garnishee above named, that said company is a corporation organized and existing under the laws of

the State of New York, and having its principal office in the city of New York, that he has read the foregoing answer and knows the contents thereof, and that the same is true." The plaintiffs further objected on the ground, that the corporation could answer only through its authorized agents, and that its attorney at law could not lawfully swear to the answer. All the objections were overruled; the amendment was allowed; the exceptions to the original answer were overruled, and the motion to take judgment denied. Plaintiffs excepted.

W. J. ALBERT, for plaintiffs.  J. H. GILBERT, *contra.*

SIMMONS, Justice.

1. The facts appear in the reporter's statement. The garnishee's answer ought to have been made at, and not before, the return term. (Code, §3536; Act of Feb. 24, 1872.) The act of 1872, here referred to, expressly repealed the provision which allowed the answer to be made before the term. This court has held, however, that an answer prematurely filed will not on that account be treated as insufficient, unless it be excepted to; and when excepted to, it is amendable. *Burrus & Williams* v. *Moore,* 63 *Ga.* 409, (2). It was complained that the amendment came too late, and that no excuse was offered for not making it before. But no exception was taken to the answer until the second term after the answer was filed; and when exceptions were filed, they were met promptly by an offer to amend. The failure to except was good cause for allowing the answer to be amended at that time. The answer being sufficient until excepted to, the garnishee was not in default. The case of *Bearden* v. *Metropolitan Street Railroad Co.,* 82 *Ga.* 605, and other cases cited by counsel for the plaintiff in error as bearing on this question, do not relate to the time of allowing an amendment, but to the time of allowing the answer to be filed. In those cases the

garnishee was in default in not having filed any answer at all.

2. The answer as amended was not properly verified. Rockwell, as agent of the garnishee, deposed that it was true " to the best of his knowledge and belief." This was insufficient without a further statement pointing out what facts he knew and what facts he believed, together with the grounds of his belief. The code requires the garnishee to answer on oath (§3536), and to " admit or deny his indebtedness, or that he has or had effects in his hands belonging to defendant; and if he is unable to do so, his inability must appear in his answer, together with all the facts plainly, fully and distinctly set forth, so as to enable the court to give judgment thereon." (§3548.)    It is plain that this requirement is not met by an affidavit which admits or denies only to the best of the affiant's knowledge and belief, without more.    Such an affidavit, as we have before had occasion to remark, commits the affiant to almost nothing, and is even " weaker than an affidavit of belief, for the party does not state what he does believe."    *Bryan* v. *Ponder*, 23 *Ga.* 482; *Stancel* v. *Puryear*, 58 *Ga.* 445; *Martin* v. *Lamb & Co.*, 77 *Ga.* 256; *Sprinz* v. *Vannucki*, 80 *Ga.* 774.    If the affiant cannot admit or deny positively, he must say so, and must state what he does know touching the matter.

When this affidavit was objected to, counsel for the garnishee added his own affidavit, stating therein that he was " an attorney at law " of the garnishee, and that the answer was true.    This was objected to, but the court held the verification sufficient.    There is no provision of law authorizing the verification to be made by one who does so simply as an attorney at law of the party required to answer, and who does not profess to be the agent of the party otherwise than in that capacity; and we do not think such a verification is sufficient.

As we have said, however, the answer is amendable; and direction is given that the garnishee be allowed to amend, if a proper amendment be tendered and duly verified within ten days after the entry of the *remittitur* from this court in the court below.

*Judgment reversed, with direction.*