## NEAL *v.* DAVIS FOUNDRY AND MACHINE WORKS.

1. Where in a suit the petition is verified, the answer should also be veri-fied. But an omission to verify the answer is a curable defect. It was therefore not error on the trial to refuse to strike the answer and treat the case as in default, and to allow the defendant to add a verification to the answer which had been duly filed at the first term.

2. Where a special demurrer to an answer and cross-petition was not filed until the case was called for trial at the second term of the court, and no reason appeared why it could not have been filed and disposed of at the first term, it should have been stricken.

3. Where an answer to a verified petition was duly filed at the first term of the court, but was not itself verified, and the court allowed a veri-fication thereto to be added, this was not an amendment so materially changing the defense as to open the answer and cross-action to a special demurrer.

4. Evidence as to the keeping on hand of a number of wooden patterns, to which objection was made on the ground that it was not authorized by the pleadings, was not subject to such objection.

5. Nor were the charges to which exception was taken on the ground that they were not authorized by the pleading, or that the damages referred to in them "were not properly set out" in the answer and cross-action, erroneous for that reason. It is not the function of the charge to review the pleadings as on special demurrer.

6. The other charges to which exceptions were taken, when read in the light of the evidence and of the entire charge, were not such as to require a new trial.

7. While, in an action for damages to a number of different articles of personal property, a witness will not be allowed, over objection, to give a general estimate in one sum as the amount which he thinks the owner has been damaged, yet where he gives the details of the damage to each of the articles, with the amount thereof, the mere adding up such amounts and stating the total furnishes no ground for a new trial.

8. None of the other grounds of the motion for a new trial require a reversal.

Argued June 19,—Decided November 9,—Rehearing denied December 19, 1908.

Foreclosure of lien. Before Judge Wright. Floyd superior court. September 30, 1907.

James Neal brought suit against the Davis Foundry & Machine Works, seeking to foreclose a lien for work done and materials furnished in connection with two buildings. The petition was verified by an affidavit stating that it was true to the best of the knowledge and belief of the affiant. The suit was brought to the July term, 1906, of Floyd superior court. No demurrer was filed at that term. The defendant filed an answer in which was included a cross-action seeking to recover damages on the ground that the plaintiff contracted to put a roof on each of two buildings, using corrugated iron sheets therefor, and that it was done in such an unworkmanlike and unskilful manner that the roof leaked and caused damage; and that one of the buildings could not be completely repaired without putting on an entirely new roof. This answer was not verified, but no objection was raised to it at the first term of the court. At a subsequent term, when the case came on for trial, the plaintiff filed a special demurrer to the defendant's answer, which was overruled, and the plaintiff excepted. He also moved to strike the defendant's answer and that the case be declared in default, upon the ground that the answer was not verified when filed, and that as the plaintiff's petition was sworn to, the defendant's answer should have been so likewise. The court denied the motion, and permitted the defendant to verify its answer. The plaintiff excepted pendente lite. The trial resulted in

a general verdict "for the defendant." A motion was made for a new trial, which was overruled, and the plaintiff excepted.

*Henry Walker* and *Dean & Dean,* for plaintiff.

*Seaborn & Barry Wright,* for defendant.

LUMPKIN, J. (After stating the foregoing facts.)

1. Where a petition is verified, the answer should also be verified. Civil Code, § 5055. An omission to verify the answer is curable, and on proper application the presiding judge will allow the verification to be added even after the first term. *Ward* v. *Frick Co.,* 95 *Ga.* 804 (22 S. E. 899); *Norton* v. *Scruggs,* 108 *Ga.* 802 (34 S. E. 166); *Rogers* v. *Caldwell,* 122 *Ga.* 279 (50 S. E. 95); *Patton* v. *Bank of LaFayette,* 124 *Ga.* 965 (53 S. E. 664, 5 L. R. A. (N. S.) 592). It was therefore proper to overrule a motion, made at the trial, that the answer should be stricken and the case be treated as in default, and to allow the defendant to add to the answer a verification.

2, 3. A special demurrer to the answer and cross-petition was filed at the second term of court, and was overruled. It would seem, from the order of recitals in the bill of exceptions, that this happened before the motion to strike the answer for want of verification was made, and before the amendment adding the verification was allowed. If so, it was too late to specially demur on the trial, no reason appearing why such demurrer could not have been filed and disposed of at the first term. It is contended that the allowance of the addition of the verification, by way of amendment, opened the answer and cross-action to demurrer. Section 5068 of the Civil Code declares that "An amendment to a petition, or plea, or answer, which materially changes the cause of action or defense, opens the petition, plea, or answer, as amended, to demurrer or plea." It is not every possible amendment that throws open the door to a special demurrer, but only one of the character described. The mere addition of a verification to the answer and cross-petition, allowed by the court when the point was raised that the original petition was verified and the answer was not so, was not an amendment which materially changed the cause of action or defense within the meaning of the law, so as to authorize the filing of a special demurrer to particular allegations contained in the answer and cross-action. The demurrer having been filed too late, the proper practice would have been to decline to hear it at all and to order

it stricken. But no assignment of error makes this specific question; and as the demurrer ought not to have been sustained when it was made, and as the practical effect in this case is the same whether it be stricken or overruled, we will not reverse the judgment. *Green* v. *Hambrick,* 118 *Ga.* 569 (45 S. E. 420).

4. Evidence was introduced by the defendant to show that it kept on hand a number of wooden patterns, some of which were ruined and some injured by reason of the leaking of the roof, resulting from the improper manner in which it was put on by the plaintiff. Objection was made to this evidence, on the ground that the pleadings made no issue which authorized it. As against the objection made, the evidence was admissible. The answer of the defendant, in the nature of a cross-action, alleged that it was having the buildings constructed for a foundry and machine-shop, and that this was known to the plaintiff; that he also knew that the defendant would store large numbers of valuable patterns in said buildings, and would make molds for the purpose of making castings; that the patterns were made of wood and glued together, that wetting them dissolved the glue and caused the pieces of wood to come apart and warp; and that the patterns were injured, damaged and spoiled, to an amount named. Having held that the special demurrer to this cross-action was not in due time, these allegations stood as if not demurred to, and they were sufficient to furnish a basis for the admission of the evidence to which objection was made.

5. Objection was also made to certain charges of the court on the same subject, on the ground that they were not authorized by the pleadings, or that the damages referred to "were not properly set out in its plea," or because of similar objections. For the reason just above stated these objections are not good. It is not the function of the charge to review the pleadings as to the fullness of the allegations. To do so would be in effect to require the court in his charge to deal with the allegations as if upon special demurrer and submit to the jury the question thus raised.

6. Other grounds of objection were urged to some of the charges; but when the parts to which exception was taken are read in the light of the evidence and of the entire charge, we do not think they require a new trial. In one or two instances perhaps there may have been slight inadvertences of expression, but they are not

of such consequence as to necessitate a reversal under the facts of this case. We do not think that the charges were such as to mislead the jury into finding damages other than those claimed by the defendant in its pleadings. If the plaintiff desired more specific instruction in terms limiting the damages recoverable by the defendant to those which were alleged in the cross-action, he might properly have invoked such an instruction on that subject.

7. A witness was allowed to testify that he had made a careful estimate of what it would cost to replace the injured patterns and an inventory of the damages, and that it amounted to $1,005.00. But it further appeared that he gave the items of each individual pattern and number and list of the patterns and explained in what the damage consisted; and that he also testified as to the damage in the way of extra labor and time and material in covering up and moving patterns during rain; and that the items thus given in detail aggregated the amount of $1,005.00. While a witness can not estimate damages in a lump sum, over objection, yet where he has given the details, with the amounts, the mere adding them up and stating the total furnishes no ground for a new trial.

8. One ground of the motion for a new trial was not referred to in the brief of the plaintiff in error, and it will be treated as waived. A careful scrutiny of each of the grounds has brought us to the conclusion that a reversal is not required.

*Judgment affirmed. All the Justices concur.*

### ON MOTION FOR REHEARING.

A motion for a rehearing has been filed in this case, based upon three grounds. (1) It was said that the judgment overruling the demurrer was on the merits; that no objection was urged on the ground that it was too late, and no such point was before this court; that such point was waived, because not made; and that only questions made by direct assignments of error in the bill of exceptions were before the Supreme Court for adjudication. As to the contention that no such point was before the Supreme Court, and that it was waived, it may be stated that in the brief of counsel for defendant in error is contained the following: "All the demurrers to the plea were special demurrers, attacking only the form and technical sufficiency, and not the fundamental merits. These should have been made at the appearance term; and the failure to do so then could not be cured by demurrer at the trial term" (citing,

authorities). One of the contentions made on the original hearing of the case and urged in the brief of counsel, and still urged in this motion for a rehearing, was that the allowing of the verification to be added to the answer constituted such an amendment as opened the case to special demurrer. This contention would be wholly irrelevant if the only question before us were as to the merits of the special demurrer, not as to the time when it was filed. If the court passed only on the merits of such demurrer, and the sole point for our decision in regard to it was whether it was meritorious or not, and the time of its filing was in no way involved, then it was entirely immaterial whether the amendment opened the case for special demurrer or not. As noted in the opinion heretofore filed, it is not altogether clear whether the special demurrer was filed before the verification was allowed to be added to the answer or afterward. In the bill of exceptions a ruling on the demurrer is first mentioned. In the exceptions pendente lite filed to the refusal of the motion to strike the answer and treat the case as in default it is recited that "On trial of the within entitled case plaintiff at the outset moved the court to strike the answer of defendant," etc. The demurrer was filed on the same day when this ruling was made. These recitals, and the urging of the fact that this ruling of the court opened the case for the filing of a special demurrer to the answer, indicate quite clearly that in passing upon the special demurrer its merits were not alone considered; and the facts above mentioned negative any idea that counsel for defendant in error waived the question of the time of filing of such demurrer.

If a plaintiff in error desires to except to the judgment, he must specify the error which he alleges exists therein, and these assignments of error furnish the basis for the consideration of the case before this court. The decision of the trial judge on questions before him will not be reversed on some ground upon which he never passed, and by raising here for the first time new questions concerning such matters. But this court has never held that if the final judgment of the superior court was one which he ought to have made, and which it would have been error for him not to have made, the whole case, as disclosed by the record, can not be considered in determining whether such ruling should be affirmed. In certain cases to which the rule was properly applicable, a right

judgment, though for a wrong reason, has been affirmed, under the facts there appearing. Verdicts which were demanded by the evidence have been sustained in spite of errors in the rulings of the court. First grants of new trials have been upheld, where the evidence did not demand the verdict, although the presiding judge mentioned a wrong ground in connection with his ruling. The plaintiff in error specifies assignments of error. The defendant in error combats the positions there taken, and contends that a reversal should not be granted on account of such alleged errors, either because the rulings were not erroneous at all, or because they were not such as to require a reversal.

(2) The ground of the motion for a rehearing that the addition of the verification to the answer and cross-action was such an amendment as opened the case for special demurrer has been fully dealt with in the opinion already filed. Nothing was overlooked in reaching that decision. It was deliberately and carefully made, and we see no reason to change it.

(3) The motion urges, that the record shows that the appearance docket of the superior court was called on November 28, 1906, that the unverified plea was not then filed, that the case was in default by operation of law, and that filing the answer after the appearance call was of no effect. The exception pendente lite which was filed to the refusal to strike the answer shows on its face that the motion to strike was not predicated on the ground that the answer was not filed before the appearance call, but "because a verified petition required a verified answer; the filing of the answer not verified was no answer; the appearance term having passed, it was too late to answer now." The record before us shows that the appearance docket was called on November 28, 1906, and that the answer and cross-petition were filed on November 29. It does not disclose that any entry of default was made by the judge on the call of the docket; and it has been held that, this not having been done, the case was still open to answer. *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131); *Chambless* v. *Livingston,* 123 *Ga.* 257 (51 S. E. 314). So that, if such a ground had been urged as a reason for the motion to strike the answer, it would have been overruled.                *Motion for rehearing denied.*