## DANNENBERG COMPANY *v.* ADLER-MAY COMPANY.

On November 13, 1909, a summons of garnishment, based on a pending suit, was served, commanding the garnishee to answer to the term of the superior court whith would meet on January. 3, 1910. On the latter date a second summons in the same case was served on the garnishee, returnable to the March term of the court. This was accompanied by a

written notice from the plaintiff, relieving the garnishee from answering the first summons, and directing it to make answer to the second. On January 17, the garnishee filed an answer, reciting that a summons of garnishment had been served on it, and denying indebtedness. To this a traverse was filed, but no exception taken on the ground of the time when it was made. At a later term a verdict and judgment by default were taken against the garnishee, based upon the second summons. At the same term when this was done a motion was made to set aside the verdict and judgment, alleging that the answer which it filed was made to the second summons. *Held,* that there was no error in granting the motion and setting aside the verdict and judgment.

NOVEMBER 15, 1911.

Motion to open default. Before Judge Bell. Fulton superior court. November 2, 1910.

*Frank L. Neufville* and *Hardeman, Jones, Callaway & Johnston,* for plaintiff.

*David Eichberg,* for defendant.

LUMPKIN, J. A judgment was entered in the superior court against a garnishee as being in default in not answering a summons of garnishment. At the same term of the court a motion was made to set aside this judgment, on the ground that the garnishee had in fact filed an answer to the second summons. The court sustained the motion, and the plaintiff excepted.

A summons of garnishment had been served on the garnishee in November, 1909, returnable to the January term of the superior court. Another summons of garnishment in the same case was served on the same garnishee on January 3, 1910, returnable to the March term of court. Attached to the second summons was a notice from the plaintiff, relieving the garnishee from answering the first summons, and requesting it to answer the second. On January 17, the garnishee filed an answer of not indebted. It recited that a summons of garnishment had been served upon it, but did not specify whether the recital referred to the first summons or the second. Inasmuch as the garnishee had been relieved from answering the first summons, and the only summons to which it was required to make answer was the second one, the court was authorized to hold that the answer was to the second summons. It is true that such answer was prematurely filed; but it was not void. If exception had been taken to it on the ground that it was filed before the term of court to which the summons was returnable, it could have

been amended. *Burrus* v. *Moore,* 63 *Ga.* 405; *Plant* v. *Mutual Life Insurance Co.,* 92 *Ga.* 636 (19 S. E. 719). Treating the answer as filed to the second summons, though inadvertently filed too early—which is more rational than to suppose that the garnishee insisted on answering the summons which it had been given notice need not be answered, and refused to answer one which it had been notified must be answered,—the garnishee was not in default, and no judgment by default could properly be entered against it until some disposition had been made of the answer. Apparently the traverse is still pending. The court did not err in setting aside the verdict and judgment which were rendered against the garnishee for failure to answer the second summons.

Even where a garnishee is in default, and a judgment is rendered against it, upon motion during the same term, setting forth good and sufficient reasons for not answering in due time, and denying indebtedness to defendant, the court is not without discretionary power to set aside the judgment and relieve the garnishee from having an injustice done to it. *Brian* v. *Banks,* 38 *Ga.* 300; *Wyley* v. *Whiteley,* Id. 605; *Russell* v. *Freedman's Savings Bank,* 50 *Ga.* 575; *Atlanta Journal* v. *Brunswick Publishing Co.,* 111 *Ga.* 718 (36 S. E. 929). It has been said, however, that this is not an arbitrary power, and that after the second term the court can only allow an answer to be filed by the garnishee upon showing some reason legally sufficient to excuse a previous failure to do so. *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (48 S. E. 25).

*Judgment affirmed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*