9366. SIMPLEX MACHINE COMPANY *v.* GREENBERG & BOND COMPANY.

BROYLES, P. J. 1. An answer to a summons of garnishment, made at the proper term of court, is amendable. *Burrus* v. *Moore*, 63 *Ga.* 405; *Plant* v. *Mutual Life Ins. Co.*, 92 *Ga.* 636 (19 S. E. 719); *Dannenberg Co.* v. *Adler-May Co.*, 137 *Ga.* 111 (72 S. E. 906).

2. The original answer of the garnishee in this case was as follows: "Georgia, Fulton County. Now comes garnishee in above-stated case, and in answer to the summons of garnishment served on said garnishee says: (1) Since the service of said summons of garnishment said defendant has filed his voluntary petition in bankruptcy in the U. S. court in and for the Northern District of Georgia, and has been adjudicated a bankrupt; and said proceedings are now pending in said bankrupt court, and are not finally determined. (2) The account sued on by above-named plaintiff is duly scheduled in said bankrupt's schedule with his said petition in bankruptcy, and same is a dischargeable debt, and when debtor obtains his final discharge in bankruptcy, will be discharged and relieved from liability on said account sued on, and no valid judgment can be rendered in said garnishment proceedings. Wherefore garnishee prays that said garnishment proceedings be stayed until the final determination of the question of defendant's discharge in bankruptcy. W. J. Laney, Atty. for Garnishee." This answer was defective for the reason that it was not verified. It was also incomplete and insufficient in that it failed to comply with the provisions of the various code sections bearing upon the subject. There was, however, enough in the answer to amend by, and the trial judge did not err in allowing the amendment offered by the garnishee at a subsequent term of the court. The answer as amended was incomplete and subject to

exception, since it failed to comply with the provisions of section 5298 of the Civil Code of 1910 as amended by the act of the General Assembly, approved August 14, 1914 (Acts 1914, p. 62). No exception, however, to the amended answer having been filed, and it not having been traversed, the trial court did not err in rendering judgment in favor of the garnishee. *Fitzpatrick* v. *Shepherd*, ante, 44 (95 S. E. 530).

It follows that the judge of the superior court erred in sustaining the certiorari and in rendering judgment against the garnishee.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 14, 1918.

Certiorari; from Fulton superior court—Judge Bell. October 3, 1917.

*James J. Slaton, W. B. Hartsfield,* for plaintiff in error.

*Burress & Dillard,* contra.