18834. BRUMBELOW HEATING & PLUMBING COMPANY INC. *v.* ATLANTA FURNITURE COMPANY.

JENKINS, P. J.  1. "A judgment against a garnishee, duly entered, is as to him conclusive of the proposition that the plaintiff had already obtained a valid judgment against the main debtor whose effects were sought to be reached by the garnishment proceeding." *Warner* v. *Burkhalter,* 22 *Ga. App.* 71 (2) (95 S. E. 470). Moreover, by the act approved July 31, 1925 (Ga. L. 1925, p: 372), the jurisdiction of the municipal court of Atlanta, in suits involving more than $100 and less than $2500, is extended over the entire county of Fulton. Accordingly, the judgment obtained by the plaintiff against the main defendant in the instant case was not void for lack of jurisdiction of the court.

2. While it has been held that a garnishee may file an answer at any time before a motion has been made by the plaintiff to enter judgment against him for the amount of the judgment already obtained against the principal debtor in the pending action (*Owen* v. *Moseley,* 161 *Ga.* 62 (1), 129 S. E. 787), failure of the garnishee to file his answer by the first day of the second term after service subjects him to

the risk of having his right to answer cut off by the actual entering of judgment against him. Civil Code (1910), § 5097; *Gainesville Grocery Co.* v. *Bank of Dahlonega,* 25 *Ga. App.* 230, 232 (102 S. E. 912). In the instant case, in which it appears that suit was brought against the principal debtor to the December term, 1926, of the municipal court of Atlanta, and a default judgment rendered against him at that term, a judgment rendered by default on the second day of the January term, 1927, against the garnishee, who had been summoned to appear at the December term of that court, was not subject to be set aside as having been entered prior to the expiration of the time during which the case should be held up in order that the garnishee might answer.

3. If, under the provisions of section 5097 of the Civil Code (1910), a formal motion on the part of the plaintiff is necessary to a valid judgment against a garnishee in default (*Owen* v. *Moseley,* supra), where such judgment has in fact been rendered it will be presumed, nothing to the contrary appearing, that the judgment was rendered when the garnishment case was reached in its order on the docket and upon motion of the plaintiff.

4. "The writ of certiorari is simply the medium through which the judgment in a case pending before an inferior judicatory may be reviewed in the superior court." *Weaver* v. *Thompson,* 11 *Ga. App.* 132 (74 S. E. 901). "The petition for certiorari can not be amended, because the judge of the superior court has no jurisdiction to try any except the questions made in the petition as it stood when he sanctioned it." *Jones* v. *Gill,* 121 *Ga.* 93 (48 S. E. 688); *Davis* v. *Cunningham,* 31 *Ga. App.* 296 (1) (120 S. E. 641); *Powell* v. *Fowler,* 34 *Ga. App.* 186 (1) (129 S. E. 13). Accordingly, it is not permissible for a plaintiff in certiorari to file, in the superior court, a plea of bankruptcy, setting up that after the sanction of his petition for certiorari, and after the issuance of the writ, he was adjudicated a bankrupt, and thereafter discharged, and that the judgment under consideration in the certiorari proceeding was duly scheduled and became discharged by the discharge in bankruptcy of the plaintiff in certiorari.

5. The evidence authorized the finding of the judge of the municipal court against the traverse of the garnishee to the entry of service upon it.

6. Under the foregoing rulings, the court did not err in rejecting the proffered plea of bankruptcy of the plaintiff in certiorari, and in thereafter overruling the certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided December 13, 1928. Rehearing denied February 20, 1929.

*Morris Macks, Isaac M. Wengrow, Robert T. Efurd,* for plaintiff in error.

*D. K. Johnston,* contra.