## 20760. PAYNE *v.* ALTERMAN.

JENKINS, P. J. 1. By the act approved August 19, 1916 (Ga. L. 1916, pp. 199, 202, § 5), "any judgment rendered by any judge of the municipal court of Atlanta shall, during the same term, be in the breast of said court, and said judge shall have the right to vacate, modify or set aside said judgment during the same term, upon the same grounds as may be done by the judges of the superior courts of this State, and shall have the same power and authority to vacate, modify, set aside or change at any time any of its judgments as is now conferred upon or exercised by judges of the superior courts of this State."

2. Under the provisions of the act establishing the municipal court of Atlanta, "garnishment proceedings in said court shall be conformable to the laws of the State on that subject in the superior court." Ga. L. 1913, pp. 145, 146, § 27. Consequently, in section 46 of the act, the provision for judgment in ordinary suits in cases of default "without any call of the docket" does not apply to judgments against garnishees in default, since the statute contemplates that in the superior court judgments shall be rendered against garnishees "on motion" upon the call of the garnishment case. *Owen* v. *Moseley*, 161 *Ga.* 62 (129 S. E. 787).

3. In the instant case, where a summons of garnishment based on a judgment was returnable to the October term, 1929, of the municipal court of Atlanta, under the ruling in *Owen* v. *Moseley*, supra, the right of the garnishee to answer at the succeeding term could be cut off only by a motion on the part of the plaintiff for judgment against him, and where the court rendered such judgment at that term, without the garnishment case being called upon the docket, and without any motion for judgment against the garnishee, on a mere memorandum from the clerk to the effect that the summons of garnishment had not been answered, it was proper to set the judgment aside on motion of the garnishee, entered at the same term, upon his paying the accrued costs and offering to answer. This ruling is not contrary to the ruling in *Brumbelow Heating &c. Co.* v. *Atlanta Furniture Co., 39 Ga. App.* 72 (146 S. E. 639). In that case it was held that, nothing to the contrary appearing, it would be presumed that a judgment entered against a garnishee in default was rendered when the garnishment case was reached in its order on the docket, and upon motion of the plaintiff; whereas in the instant case it appears from the stipulation entered into on the hearing of the motion to vacate, that the judgment against the garnishee was entered without any call of the docket or motion of the plaintiff, and upon a memorandum to the effect that the garnishee was in default, made by the clerk and furnished by him to the judge.

664

4. Under the foregoing rulings, the judge of the superior court did not err in overruling the certiorari by which it was sought to review the ruling in the municipal court vacating and setting aside the judgment entered by default against the garnishee.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 14, 1931. REHEARING DENIED FEBRUARY 26, 1931.

*C. Mortimer Mason, Morris Macks,* for plaintiff.
*G. B. Tidwell, E. E. Carter,* for defendant.

ON MOTION FOR REHEARING.

JENKINS, P. J.   Plaintiff in error files a motion for rehearing in which it is insisted that an examination of the record in the case of *Brumbelow Heating &c. Co.* v. *Atlanta Furniture Co.*, cited in the original syllabus, will disclose that there is no difference between this case and that case as respects the procedure leading up to the entering of the default judgment against the garnishee.   In the motion for rehearing, counsel for plaintiff in error say: "Plaintiff in error respectfully submitted, and would invite the attention of this court to the record in said case [the Brumbelow Heating Company case], which is of file in this court disclosed that upon the hearing to vacate the default judgment against the garnishee at the same term that the default judgment was entered, his honor L. F. McClelland, judge of the municipal court of Atlanta who passed upon the motion to vacate, had the evidence of Miss Lucile Miles, calendar clerk for said court, and she testified that the municipal court of Atlanta has no default docket in garnishment cases; that no motion for judgment was made by plaintiff upon the call of the default of the garnishee in filing answer, but that in that case the clerk of the court made a notation that the garnishment was in default and that judgment by default against the garnishee in that case was rendered by the court, without said garnishment case being called from any default docket in open court, but that the court rendered the default judgment upon the clerk certifying that the garnishee was in default for filing answer; that the rules and practice in the municipal court of Atlanta make no provision for any default docket in garnishment cases, and do not require or provide for the making of any motion in open court to render judgment against the garnishee who is in default." Plaintiff in error contends that the facts in the instant case, so far as they

relate to the procedure in the municipal court when the default judgment against the garnishee was entered, are identical with the facts in the *Brumbelow Heating Company* case, and that, therefore, this court must necessarily have held in that case that the rule laid down in *Owen* v. *Moseley,* supra, has no application to garnishment cases in the municipal court of Atlanta.

We have examined the record in the *Brumbelow Heating Company* case. As in this case, there was also a motion for rehearing in that case. Likewise, in that case counsel for the plaintiff in error set forth in the motion for rehearing the testimony of the calendar clerk of the municipal court, as follows: "Miss Lucile Miles testified that she is calendar clerk of the municipal court of Atlanta, that on January 4, 1927, when the judgment was rendered against the garnishee, as shown by the papers in the case, was the 2d day of the January term, 1927, of the court; the first Monday of said term, when said term convened, was January 3, 1927. We never place garnishment cases which are in default on the *regular default calendar* of the court as we do with suits which are in default, and we do not publish any *default calendar of any garnishments.* The notation on the default judgment in this case was made by Mr. Walker, chief deputy clerk, thereby indicating it to be in default. Sometimes plaintiffs or their attorneys get the clerk to make this notation, and then *they apply to the judge to get a judgment;* sometimes the papers are sent up by the clerk with the notation and the judge signs the judgment. The garnishment papers in this case have no attorney's name on them. *I do not know who brought them to the judge to sign."* (Italics ours.)

It will thus be seen that in the *Brumbelow Heating Company* case it did not appear, as now contended, that the calendar clerk of the municipal court testified that the municipal court of Atlanta had no default docket in garnishment cases; it did not appear that she testified in that case that no motion for judgment was made by plaintiff; it did not appear that she testified in that case that the default judgment against the garnishee was rendered by the court, without the garnishment case being called from any default docket in open court, but upon a mere memorandum from the clerk certifying that the garnishee was in default. All that did appear from the testimony of Miss Miles in the *Brumbelow Heating Company* case was that there was a notation made by the

deputy clerk indicating that the garnishment case was in default; that garnishment cases were not placed on the regular default *calendar* of the court, and that no default *calendar* of garnishment cases was published; that she did not know who carried the papers in that case to the judge who signed the judgment, but that sometimes, in such cases, plaintiff or their attorneys had the clerk to make the notation indicating the case to be in default, and then "*they apply to the judge to get a judgment.*" This court was, therefore, entirely justified in holding, as it did hold in the *Brumbelow Heating Company* case, that, nothing to the contrary appearing, it would be presumed that the default judgment entered against the garnishee in that case, and sought to be vacated, was entered when the garnishment case was reached in its order on the docket and upon motion of the plaintiff.

In the present case it was agreed, on the hearing of the motion to vacate, "that the default in answering the garnishment was not called from any default docket, and no motion was made in open court for a judgment against the garnishee by default; that Mr. L. N. Walker, chief deputy clerk of this court [the municipal court], marked a notation on the garnishment papers that the same was in default for making answer, and that the judgment was signed by his honor L. Z. Rosser upon this showing of the chief deputy clerk of this court, Mr. L. N. Walker."

It will thus be seen that the facts in the present case are wholly different from those in the *Brumbelow Heating Company* case, since in that case there was nothing to indicate that the judgment by default against the garnishee was not regularly entered when the case was reached in its order on the docket, and upon motion by plaintiff in open court; whereas in the instant case it affirmatively appears that such was not the fact.                    *Rehearing denied.*