22501.  AYCOCK *v.* ROYAL INSURANCE COMPANY LIMITED.
22502.  PEOPLES BANK *v.* ROYAL INSURANCE COMPANY LIMITED.

JENKINS, P. J.   While it has been held that a garnishee may. file an answer at any time before a motion has been made by the plaintiff to enter judgment against him for the amount of the judgment already obtained against the principal debtor (*Owen* v. *Moseley*, 161 *Ga.* 62, 129 S. E. 787), and that a failure of the garnishee to file his answer by the first day of the second term after service subjects him to the risk of having his right to answer cut off by the actual entering of judgment against him (Civil Code, § 5097; *Gainesville Grocery Co.* v. *Bank of Dahlonega*, 25 *Ga. App.* 230, 102 S. E. 912; *Brumbelow Heating &c. Co. Inc.* v. *Atlanta Furniture Co.*, 39 *Ga. App.* 72, 146 S. E. 639), yet where, as in the instant case, a purported, although for many reasons a fatally defective, answer to a summons of garnishment has been filed by the garnishee within the time required by law, and such answer, as shown on the face of the record, remains untraversed and undisposed of, it should be first dismissed or otherwise disposed of before a judgment by default can be properly taken.   Accordingly, the court did not err in sustaining the motion of the garnishee, filed at the same term, to set aside the verdict and judgment by default, in order that the garnishment case might be legally disposed of.   *Dannenberg Co.* v. *Adler-May Co.*, 137 *Ga.* 111 (72 S. E. 906); *Brown Realty Co.* v. *Joel Hunter Co.*, 44 *Ga. App.* 146 (160 S. E. 681); *Anderson* v. *Fulton County Home Builders*, 147 *Ga.* 104 (92 S. E. 934).        *Judgments affirmed.   Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 7, 1933.   REHEARING DENIED JANUARY 31, 1933.

*Samuel J. Boykin,* for plaintiffs.
*Spalding, MacDougald & Sibley, Smith & Millican, Estes Doremus,* for defendant.