30715. SIMMONS *v.* J. A. JONES CONSTRUCTION COMPANY INC.

DECIDED MAY 15, 1945. REHEARING DENIED JUNE 6, 1945.

*D. W. Krauss, Weir S. Gaillard,* for plaintiff in error.
*Reese, Scarlett, Bennet & Gilbert,* contra.

MACINTYRE, J. At the January term, 1944, of the superior court of Glynn County, Judge Melville Price rendered a judgment in a garnishment proceeding for the plaintiff against the garnishee. He was presiding because of the illness of Judge Gordon Knox, the incumbent. Thereafter, in the same term, the defendant filed a motion in arrest of judgment which contained a prayer to arrest and vacate the judgment. In a written response the plaintiff attacked this motion on the grounds that it was without process

or service, that the court was without jurisdiction, that there was no defect apparent on the face of the record or pleadings which would authorize the setting aside of the judgment, and that the defendant's exclusive remedy was to await a levy and then file an affidavit of illegality. At the May (the following) term, Judge Knox heard the issue, overruled the plaintiff's response, vacated the judgment rendered by Judge Price, and permitted the defendant to amend the alleged answer to the summons of garnishment, over the plaintiff's written objections that the amendment was an irrelevant matter and amounted to opening a default by the use of an amendment. The plaintiff also contends that the error in overruling her response to the defendant's motion rendered what happened thereafter nugatory.

■ The record discloses that the garnishee filed an answer in due time, but that the clerk, through inadvertence, omitted to make an entry of filing thereon. Subsequent to the filing of the answer a default judgment, which recited that it was "made to appear that no answer has been filed by the garnishee," was rendered against the said garnishee. At the same term of the superior court at which the judgment was rendered the garnishee made a motion in arrest of and to vacate the default judgment. Thereafter, the case was peremptorily called. Both sides announced ready, and the case proceeded to trial. The garnishee's motion in arrest of and to vacate the default judgment, the plaintiff's response thereto, an amendment of the garnishee's answer, which proposed to swear to his answer, and the plaintiff's objection thereto, were read to the court. After hearing the same and argument of counsel, the court overruled the plaintiff's response, called Harry F. duBignon, and qualified him as a witness. DuBignon testified as follows: "I am clerk of the superior court of Glynn County, Georgia. I received garnishee's answer, Monday, September 15th, 1943, which was the term of court at which garnishee was required to answer, by mail while the court was busy trying cases, laid it aside without marking it filed, and forgot about ever having received it." It was not error for the court, upon such a showing being duly made, to allow or direct, by a written order, the clerk to enter the true date of filing (September 15, 1943) upon the answer nunc pro tunc. *Buckwalter* v. *Whipple*, 115 *Ga.* 484 (2) (41 S. E. 1010). A court has a right to amend its records so as

to make them speak the truth. And when this was done, upon a consideration of the corrected pleading and record alone, the judge was authorized to arrest and vacate the judgment. *Peterson* v. *Taylor*, supra; *Jolley* v. *Rutherford*, 112 *Ga.* 342 (37 S. E. 358); *Latimer* v. *Irish-American Bank*, 119 *Ga.* 887 (5) (47 S. E. 322); *Adams* v. *Adams*, 150 *Ga.* 346 (2) (103 S. E. 812); *Love* v. *National Liberty Ins. Co.*, 157 *Ga.* 259, 263 (121 S. E. 648); *Pippin* v. *State*, 172 *Ga.* 224, 229 (157 S. E. 185).

■ The judge having arrested and vacated the judgment did not commit reversible error in thereupon allowing the garnishee, by way of amendment, to add a verification to his answer which had been timely filed at the term to which the garnishee was required to answer. "An omission to verify an answer is a curable defect." *Neal* v. *Davis Foundry & Machine Works*, supra; *Peterson* v. *Taylor*, supra. Thus the court did not err in vacating the judgment and allowing the amendment to the answer.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*