34525. STALEY *v.* S. M. WHITNEY COMPANY INCORPORATED.

CARLISLE, J. When construed most strongly against the pleader on demurrer, the motion to set aside the judgment of the Superior Court of Richmond County, dated May 23, 1952, alleges nothing more than that the garnishee upon receipt of the summons of garnishment wrote a

personal letter to the Clerk of the Superior Court of Richmond County, enclosed the summons of garnishment and a check in the amount of $116.79, which represented the "proceeds due Robbie Young [the defendant] from the sale of his cotton," and that the clerk made an official entry upon "the issue docket or filing docket" *that said sum had been tendered into court.* Even if the letter could be construed to be a compliance with the requirements of Code § 46-301 as to answering a summons of garnishment, which it cannot, it does not appear that the letter was filed or that the garnishee requested that it be filed as its answer in the proceedings. Under these circumstances it does not appear that the garnishee had complied with the provisions of Code § 46-301 or § 46-308, and the judgment by default entered on May 23, 1952, was proper; and the motion to set aside having shown no valid reason why such judgment should be set aside, the trial court erred in overruling the demurrers thereto. See *Peterson* v. *Taylor,* 15 *Ga.* 483 (60 Am. D. 705); *Brinson* v. *Georgia Railroad Bank &c. Co.,* 45 *Ga. App.* 459 (165 S. E. 321).

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 18, 1953—REHEARING DENIED MARCH 30, 1953.

*J. Henry Howard, Harry H. Hunter,* for plaintiff in error.
*Fulcher, Fulcher & Hagler, George W. Fryhofer,* contra.