44253, 44255. DAVIS v. METZGER (two cases).
44254. MILTON v. METZGER.

ARGUED FEBRUARY 5, 1969—DECIDED MAY 26, 1969.

*Odom & Dendy, Thomas M. Odom, Florence Hewlett Dendy,* for appellants.

*George W. Fetzer, Allen & Edenfield, Charles H. Brown,* for appellee.

HALL, Judge. 1. The motion to dismiss the appeal is denied.

2. The plaintiffs argue that the fact of driving on the left side of the road is negligence per se, and the defendant's denial of negligence is but an allegation of a conclusion in the face of this fact. The statutory requirements to drive on the right side of the roadway (Ga. L. 1953, Nov. Sess., pp. 556, 581, 582, as amended; *Code Ann.* §§ 68-1633, 68-1634) on their face are not absolute and do not prohibit driving on the left at all places and in all circumstances. The allegations of the pleadings in the present case do not establish as a matter of law that the defendant's driving on the left side of the road was a violation of a statute and negligence per se. That the defendant at the trial may be unable to prove that his driving on the left side of the roadway was not a statutory violation does not authorize a judgment on the pleadings. M. L. Lee & Co. v. Cardboard &c. Corp., 36 F.R.D. 27, 29 (E.D. Pa. 1964). We cannot say that the pleadings in these cases present a "bare legal question." See Rosenhan v. United States, 131 F2d 932, 934 (10th Cir. 1942).

Under the Civil Practice Act, general allegations are sufficient to support a plaintiff's claim for relief. Ga. L. 1966, pp. 609, 619, as amended (*Code Ann.* § 81A-108); *Vaughn v. McDaniel,* 118 Ga. App. 408 (163 SE2d 844); *Hunter v. A-1 Bonding Service,* 118 Ga. App. 498 (164 SE2d 246), cert. denied 118 Ga. App. 866. In most cases the same liberal rule will apply to the defendant's pleadings. *Code Ann.* § 81A-108 (b, f); 2A Moore's Federal Practice 1813, § 8.19. Since the fact admitted by the

defendant does not clearly entitle any of the plaintiffs to a judgment on their motions, the trial court did not err in overruling the motions for judgment on the pleadings. Nickel Rim Mines Ltd. v. Universal-Cyclops Steel Corp., 202 FSupp. 170, 172 (D. N. J. 1962); 2A Moore's Federal Practice 2342, § 12.15; 1A Barron and Holtzoff 401, § 360.

*Judgments affirmed. Jordan, P. J., concurs. Whitman, J., concurs specially.*

WHITMAN, Judge, concurring specially. 1. I concur in the denial of the motion to dismiss the appeal.

2. I concur in the judgment of affirmance and would add thereto the following: Each of the plaintiffs' claims for relief alleges that in a public highway called Clyo and Springfield Road about six miles southwest of Clyo, Effingham County, Georgia, defendant negligently drove a motor vehicle on the wrong or left side of the road on a curve into plaintiffs' car which was on its right side of the road. The defendant in each of his second defenses alleges that the collision did *not* occur on a public highway called the Clyo and Springfield Road *about six miles* southwest of Clyo, but did occur on a county-maintained dirt road known as the Arnsdorff School Road at a point *about three miles* southwest of Clyo; and he also expressly denies that his motor vehicle operation was wrongful or negligent. These allegations constitute a denial of the place of the alleged collision and a denial of defendant's negligence.