48081. SNOOKS et al. v. FACTORY SQUARE, INC.

HALL, Presiding Judge. Plaintiffs in a garnishment action appeal from the order overruling their exceptions and objections to the answer of the garnishee.

The sole issue is whether a particular writing was an "answer" capable of later amendment. In response to the summons of garnishment served on August 18, 1972, the garnishee company sent to the clerk of the court a letter on garnishee's corporate letterhead, which read:

"Re: Garnishment No. 72-1095
L. Schwartz [the employee whose wages were subject of the garnishment]
Subject is no longer employed by this company. Termination and last wages drawn were as of 8/15/72."

It was signed by the plant manager and also had the signature of a notary, although it contained no words of oath. It indicated that a carbon copy had been sent to plaintiffs' attorney, who received it and directed exceptions and objections to its insufficiency. The paper was stamped as filed by the clerk on September 21, 1972, which was within the 30 to 45 day period required for answering under Code Ann. § 46-106. Moreover, plaintiffs, in an admission contained in appellant's brief submitted on this appeal, state, and we are entitled to take as truth, that garnishee "attached a photo copy of the summons to the letter."

On October 27, 1972 the garnishee filed an "amendment" to the answer which fully complies with the provisions of Code § 46-301. Plaintiffs contend that there never existed a legal answer in this case which could be amended; and that the sufficient answer, erroneously allowed as an amendment, was not timely filed as they had previously moved for judgment against the garnishee. They rely upon *Staley v. S. M. Whitney Co.*, 87 Ga. App. 888 (75 SE2d 279), in which a letter to the clerk in response to a summons was not considered to be an answer.

We believe the *Staley* case is distinguishable in important ways. We must remember that *Staley* was decided many years prior to the CPA when pleadings were construed against the pleader and the emphasis was on form rather than substance. The CPA "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but, in any event, the provisions of this Title governing the sufficiency of pleadings; defenses; amendments . . . shall apply to all proceedings." Code Ann. § 81A-181. "Subject to the requirements of the [CPA] for pleading defenses, the same liberal rules applicable to pleading plaintiffs' claims for relief will apply to defendants' pleadings." *Davis v. Metzger*, 119 Ga. App. 750 (168 SE2d 866). The keystone of the CPA is that "All pleadings shall be so construed as to do substantial justice." Code Ann. § 81A-108 (f). This is a neutral principle of law applicable to plaintiffs and defendants alike.

In light of the CPA, let us consider the information contained in garnishee's letter which was filed *and served* as outlined above. Enclosure of the summons left no doubt of the case in which the letter was filed, or the character in which it was filed, that is, as the response of garnishee. Filing was timely. Plaintiffs were put on notice that garnishee's position was that as of a date prior to the service of the summons defendant had been paid his "last wages" and had left garnishee's employ. The implication was plain that garnishee denied indebtedness to defendant. The notarized signature of the plant manager was affixed.

We do not laud this letter, which fails to comply with the pleading required by § 46-301 governing the informational contents of an answer. It was not properly verified, and it failed to provide information to which plaintiff in garnishment was entitled. However, these defects were amendable, *Simplex Machine Co. v. Greenberg & Bond Co.*, 22 Ga. App. 68 (95 SE 530), and later were cured by amendment. Of critical importance is the fact that

plaintiffs were notified of the response of garnishee; they were positioned to object to and to traverse this answer; they did so; they received the benefit of complete information contained in the amendment, thereby receiving all information to which they were entitled by statute; they had then and have now the further opportunity on their traverse to insist that garnishee prove the truth of the amended answer. Plaintiffs have been vexed by the necessity for filing a pleading objecting to the initial "answer" in order to compel a better one, but we do not see that they have been significantly prejudiced in this litigation by garnishee's errors of form.

Returning to the *Staley* case pressed by plaintiffs-appellants, on the pleading point involved here the only relevance that case has today is the information, of historical importance only, that prior to the enactment of the CPA the letter we now have before us would not have satisfied the pleading requirements of Code § 46-301. Our holding today does not in any way challenge that point. Indeed, we do not rule that garnishee's letter satisfied § 46-301; we hold only that, when properly filed and served on plaintiffs' counsel, it was not such a nullity as to be incapable of later amendment. Moreover, we observe that the *Staley* decision does not hold that garnishee's letter there was such a nullity as to be incapable of amendment *had* it been filed. The court was not required to reach that point because the letter was neither filed nor requested to be filed as an answer (and therefore entirely failed in the primary function of a pleading, which is to have its contents spread upon the record and to give notice thereof to all parties).

A further significant difference between the instant case and the *Staley* case is that here the letter was on the garnishee's letterhead with the caption "Re: Garnishment No. 72-1095, L. Schwartz" and was attached to the original summons of garnishment with the result that the deputy clerk of the trial court made this entry over her official signature: "Answer of garnishee filed in office this 21st day of September, 1972." Although the letter does not specifically show an oath to have been administered still it was notarized and filed in response to the garnishment summons which read "To answer in writing on oath."

As to the absence of verification this court has held that where an answer to a summons of garnishment is unverified the omitted oath might be added by amendment. *Simmons v. J. A. Jones*

*Const. Co.,* 72 Ga. App. 517 (4) (34 SE2d 300); *Banning Cotton Mills v. George Muse Clothing Co.,* 42 Ga. App. 689 (157 SE 338). Cf. *Neal v. Davis Foundry &c. Works,* 131 Ga. 701 (63 SE 221). If we treat the letter as containing no oath we then find this case to be similar to *Aetna Finance Co. v. Lee County Mfg.,* 116 Ga. App. 200 (156 SE2d 374). There the letter was not under oath and a default judgment was entered against the garnishee because the court was unaware of the letter. Ten days after the default judgment had been entered the garnishee filed an answer under oath and twenty-five days after the default judgment filed a motion to set aside that judgment. This court held that the judgment was to be set aside on the same situation as appears in our case in that "The record shows that a letter asserting that it was an answer to a summons of garnishment was filed within the time required. . . " See also *Aycock v. Royal Ins. Co. Ltd.,* 46 Ga. App. 299 (167 SE 551).

The court did not err in considering the second pleading as an amendment or in basing its overruling of the exceptions and objections upon its sufficiency.

*Judgment affirmed. Bell, C. J., Eberhardt, P. J., Deen, Quillian, Clark and Stolz, JJ., concur. Pannell, J., concurs specially. Evans, J., dissents.*

ARGUED APRIL 5, 1973 — DECIDED SEPTEMBER 6, 1973 — REHEARING DENIED OCTOBER 3, 1973 —

*William F. Braziel,* for appellants.

*Friedman, Haslam & Weiner, Ronald E. Ginsberg,* for appellee.

PANNELL, Judge, concurring specially. I concur in the result in the majority opinion and that "the sole issue is whether a particular writing was an 'answer' capable of later amendment." I do not agree, however, that the provisions of the Civil Practice Act cited by the majority have anything to do with determining whether or not the paper filed was an "answer" and if an answer, whether or not the answer as amended, if amendable, met the requirements of the statute. Whether it is an answer, and if an answer, as amended, it met the requirements of the statute is governed solely by Code § 46-301 as is expressly provided by the very sections of the Civil Practice Act quoted by the majority, which Act gives way to specific provision as to such requirements in a statutory proceeding. If the paper sent to the clerk and filed by him is not an answer, it is not subject to the requirements of liberal *construction of pleading* provided by the Civil Practice Act, for if

the paper here is *not* an answer it is not a pleading. If it is an answer and is so sufficient as to be amendable, then the requirements of Code § 46-301 control in making the determination of whether the answer is then a sufficient answer in the garnishing proceedings. We cannot use the provisions for liberal construction of pleading as a device for first determining whether the thing is a pleading.

In my opinion, the letter filed by the clerk as an answer, and apparently sent for that purpose, contains enough allegations so as not to be void, and is, therefore, properly amendable. The amendment complied with Code § 46-301. For these reasons I vote to affirm the trial judge.

EVANS, Judge, dissenting. James H. Snooks and Joseph C. Snooks, as plaintiffs, obtained judgment against Lee Schwartz, as defendant, at the June term, 1972, of State Court of Chatham County, and thereafter filed affidavit and bond for garnishment. On August 18, 1972, summons of garnishment was duly served upon Factory Square, Inc., as garnishee, requiring an answer under oath not later than 45 days from date of service; and further requiring the answer to show what garnishee was indebted to Schwartz and what money or property it held belonging to Schwartz on date of service of summons, and until the date of answer, all as provided for in Code Ann. § 46-105. Thus the latest date for answer was October 3, 1972. Although garnishee did not file an answer within the time required, it did on September 20, 1972, tender a writing which stated that "subject is no longer employed by this company. Terminated and last wages drawn were as of 8/15/72," and signed by Mable M. Anderson, Plant Manager.

On October 5, 1972, plaintiff's counsel filed a written motion for judgment in favor of the plaintiff against garnishee, and at the same time excepted and objected to and moved to dismiss the purported answer, because "it is not an effective answer," and traversed same. On October 27, 1972, the garnishee filed a paper designated "amendment to garnishee's answer," and set forth therein a sworn answer to the summons of garnishment, denying indebtedness to defendant Schwartz.

A hearing was conducted by the trial judge on plaintiff's exception, objections, and his motion to dismiss the answer, and motion for judgment, and on January 12, 1973, judgment was rendered against plaintiff therein. The trial judge entered his certificate of appealability, and plaintiff appeals to this court.

1.  The first paper filed by garnishee was in no wise an answer

to summons of garnishment. It completely failed to comply with the requirements of the summons of garnishment and with the provisions of Code §§ 46-105 and 46-301. It was a mere writing, not addressed to any particular person or official; not entitled in the cause; not sworn to; and not providing any information as to what garnishee was indebted to Schwartz or what money or property it had in hand belonging to Schwartz.

It was a mere nullity. A case in point and controlling as authority is that of *Staley v. S. M. Whitney Co.*, 87 Ga. App. 888 (75 SE2d 279), where the garnishee also wrote a letter instead of answering the garnishment, and the court held that garnishee failed to comply with the statute; judgment by default was properly entered against the garnishee; and garnishee's motion to set aside the judgment should have been stricken on demurrer; and the Superior Court of Richmond County erred in overruling said demurrer.

The majority opinion seeks to destroy the *Staley* case, by pointing out that it was rendered many years prior to the CPA, and that now "all pleadings shall be construed to do substantial justice"; that is, must be construed liberally.

Can the majority actually stand on that premise? Does the majority really contend that Code § 46-301 has been watered down or in any wise affected by the CPA? We would certainly hope not! If the CPA has *liberalized* Code § 46-301, then in what respect has it so liberalized the statute, and what requirements of the statute remain in effect, if any, respecting answers to summons of garnishment? Has the necessity for an oath to the answer been eliminated? Is there any time limit left in the law within which the garnishee must answer? Is the garnishee relieved of answering what he was indebted to defendant on date of service of summons of garnishment and what he has become indebted thereafter until time of answer? Is he relieved of answering what property he had in hand on date of service of summons — and what has come into his possession thereafter until time of answer, belonging to defendant? Just how liberal are the requirements under the CPA? The CPA has done nothing whatever to the statute which requires a proper answer to garnishment, and the *Staley* case correctly sets forth the law of this state and is a binding precedent in this court.

The majority opinion states that the *Staley* case is distinguishable in "important ways" — and then asserts only one allegedly distinguishing feature, to wit, that it was decided before the CPA. This is not an "important way" of distinguishing the *Staley* case from the case sub judice, as it makes absolutely no

difference that it was decided prior to enactment of CPA.

The majority opinion urges that the letter was "timely" filed. That is not enough. In the *Staley* case, the answer was received by the clerk in ample time but it was held to be fatally defective. It has been held that the right to file an answer exists until plaintiff moves for judgment against the garnishee, but the motion for judgment cuts off the right to answer. See *Banning Cotton Mills v. George Muse Clothing Co.*, 42 Ga. App. 689 (1) (157 SE 338); *Owen v. Moseley*, 161 Ga. 62 (1) (129 SE 787); *Payne v. Alterman*, 42 Ga. App. 663 (3) (157 SE 121); *Owen v. Moseley*, 34 Ga. App. 464 (129 SE 921); *Aycock v. Royal Ins. Co. Ltd.*, 46 Ga. App. 299 (167 SE 551).

The majority opinion admits the letter does not comply with the requirements of Code § 46-301 as to an answer in garnishment; and that it was not properly verified; and that it failed to provide information to which the plaintiff was entitled. But it contends that under *Simplex Machine Co. v. Greenberg & Bond Co.*, 22 Ga. App. 68 (95 SE 530) it was amendable. There is no similarity whatever between the *Simplex* case and the case sub judice. In *Simplex* the garnishee answered that since the service of the summons of garnishment, the defendant had filed bankruptcy proceedings and had scheduled the debt in question, that it was a dischargeable debt and prayed for a stay until the final determination of the question of defendant's discharge in bankruptcy.

The majority argues that it is "of critical importance . . . that plaintiffs were notified of the response of the garnishee; [and were thus] positioned to object to and to traverse this answer." There is nothing in this record to show that plaintiff was notified of the response. At the lower left hand corner of the letter there is a notation: "CC: W. Brazziel, Atty." That is completely meaningless. But it is urged that plaintiff did object, except to, and traverse the answer (letter—a mere writing). He could very well have learned of the letter through inquiries of the clerk's office.

The majority opinion asserts that: "Moreover, we observe that the *Staley* decision does not hold that garnishee's letter there was such a nullity as to be incapable of amendment *had* it been filed." The *Staley* case (page 889) gives three reasons as to why the garnishee's answer was not amendable, any one of which was enough to show the purported answer was a nullity and not amendable, as follows: *"Even if the letter could be construed to be a compliance with the requirements of Code § 46-301, as to answering a summons of garnishment, which it can not,* it does not

appear that the letter was filed *or that the garnishee requested that it be filed as its answer in the proceedings.*" (Emphasis supplied.) In the case sub judice two of these reasons were present, to wit, no compliance with Code § 46-301, and no request that it be filed as an answer. This was enough to show it was not amendable.

The plaintiff fully and completely complied with the law. When there is any semblance of an answer, no matter whether fatally defective or not, a judgment of default cannot be rendered until the purported answer has been properly removed by proper attack. In *Aycock v. Royal Ins. Co. Ltd.,* 46 Ga. App. 299, supra, it was held: ". . . where, as in the instant case, a purported, although for many reasons a fatally defective, answer to a summons of garnishment has been filed by the garnishee within the time required by law, and such answer, as shown on the face of the record, remains untraversed and undisposed of, it should be first dismissed or otherwise disposed of before a judgment by default can be properly taken." Plaintiff filed objections and exceptions to the garnishee's answer on October 5, 1972, asserting it was not an effective answer, and moved its dismissal, and then in a separate paper filed a traverse. In this plaintiff exactly complied with the law and was entitled to have the letter which purported to be an answer dismissed, and was entitled to a judgment by default.

For the foregoing reasons, I dissent, and I would reverse the judgment, as the plaintiff was entitled to judgment.