## 52550. SKIPPER v. COLLINS.

QUILLIAN, Judge.
Plaintiff appeals from the direction of a verdict in favor of the defendant and the denial of the plaintiff's motion for new trial. The plaintiff had brought a damage suit against the defendant under the family purpose car doctrine. The trial judge found that there was no evidence to sustain the plaintiff's allegations that the car was being used for a family purpose and on that basis alone directed a verdict in favor of the defendant. *Held:*

The plaintiff correctly contends that there was no necessity for proving that the vehicle was used for family purpose because the defendant had admitted this allegation by his answer.

The complaint alleged "the plaintiff was the owner of a 1963 Chevrolet Corvair automobile when it was damaged in a collision with a family purpose automobile

owned by the defendant and furnished to the defendant's son, James Michael Collins, which the defendant's son negligently drove into the plaintiff's automobile." The pertinent portion of defendant's answer is set forth in its entirety. "Defendant admits there was a collision between a 1963 Chevrolet Corvair and an automobile owned by defendant. Defendant admits that his son, James Michael Collins, was driving defendant's automobile. Defendant admits that said accident occurred near 4781 Courtney Drive, Forest Park, Georgia, but denies that his son was in any way negligent causing said collision."

We recognize that a liberal construction should also be given to defendant's pleadings as well as those of the plaintiff. *Davis v. Metzger,* 119 Ga. App. 750, 751 (2) (168 SE2d 866); *Snooks v. Factory Square,* 129 Ga. App. 772, 773 (201 SE2d 168).

However, here there is no general denial (CPA § 8 (b) (Code Ann. § 81A-108 (b); Ga. L. 1966, pp. 609, 619; Ga. L. 1967, pp. 226, 230)) and the defendant failed to deny that he was negligent, but merely set forth that his son was not negligent. Hence, the defendant failed to follow any recognized method of denying the allegations of plaintiff's complaint with regard to the family purpose car doctrine. By failing to specifically deny, he admitted the allegations. CPA § 8 (d); *Anderson v. Atlanta University,* 134 Ga. App. 365, 367 (214 SE2d 394). See *Weiss v. Moody,* 121 Ga. App. 682 (2) (175 SE2d 82).

Under the circumstances of this case, there was no necessity for the plaintiff to introduce evidence in regard to the allegations of the family purpose car doctrine, and therefore, it was error for the trial judge to direct the verdict in favor of the defendant on that ground.

*Judgment reversed. Deen, P. J. and Webb, J., concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 8, 1976.

*Paul E. Cormier, Leonard N. Steinberg,* for appellant.

*Dunaway, Haas & Broome, Norris C. Broome,* for appellee.